# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Jeffery Watson Potter

**Case Number:** 05-14071

### Document Information

**Description:** Order Denying [105-1] Motion To Intervene on Behalf of Debtor in Opposition to [54-1] Motion For Relief From Stay As To 53 La Vista, Santa Fe, NM by Bank of America, N.A. by Martin S. Friedlander .

**Received on:** 2006-02-16 13:40:46.000

**Date Filed:** 2006-02-16 00:00:00.000

**Date Entered On Docket:** 2006-02-16 00:00:00.000

### Filer Information

**Submitted By:** Ellen Snyder

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

In re:

    **Jeffery Watson Potter,**
    **Debtor.**                                      **No. 11-05-14071 MS**

## ORDER DENYING MARTIN S. FRIEDLANDER'S MOTION TO INTERVENE

THIS MATTER is before the Court on Martin Friedlander's Motion to Intervene on Behalf of the Debtor in Opposition to Bank of America's Relief From Stay Motion (the "Motion to Intervene"). On September 29, 2005 creditor Bank of America, N.A. (the "Bank") filed a Motion For Relief From Stay (the "Stay Motion") to allow the Bank to proceed with a foreclosure action pending in state court.[1] Friedlander filed a Memorandum on February 7, 2006 in support of the Motion to Intervene. The Bank and La Vista Homeowners Association filed Responses to the Motion to Intervene (collectively, the "Responses"). Having reviewed the Motion to Intervene, the Memorandum and the Responses, and being otherwise fully informed, the Court finds:

Friedlander asserts an attorney's lien against the property that is the subject of the foreclosure action, which allegedly secures attorney's fees and costs owed by the debtor, Jeffrey W. Potter ("Potter") to Friedlander for legal services in several pre-petition lawsuits. Friedlander asserts that he has the right to intervene in the stay proceeding pursuant to Rule 24(a)(2), Fed. R. Civ. P., made applicable to bankruptcy proceedings by Rule 7024, Fed. R. Bankr. P., but Rule 7024 only applies to intervention in adversary proceedings. The Stay Motion proceedings are contested and subject to several of the rules governing adversary proceedings, but not Rule 7024. *See* Rule 9014, Fed. R.

---

[1] The foreclosure action is in the First Judicial District Court, Santa Fe County, New Mexico, No. D0101 CV 2004 00254.

1

Bankr. P. (regarding contested matters). Intervention in a stay proceeding is governed by Rule 2018, Fed. R. Bankr. P., which states,

> (a) Permissive Intervention
> In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.

As a creditor in this bankruptcy proceeding, Friedlander may raise and may appear and be heard in a case under Chapter 11. 11 U.S.C. § 1109 (b); *In re Addison Community Hosp. Authority*, 175 B.R. 646, 650 (Bankr. E.D. Mich. 1994)(stating that under § 1109 creditors have an automatic statutory right to be heard on any issue in the bankruptcy proceeding and do not need to move to intervene under Rule 2018). The Stay Motion was sent to Friedlander along with the Notice of Deadline for Filing Objections to Motion for Relief From Stay, which notified Friedlander of the opportunity to object and take part in the Stay Motion proceedings. Therefore, Friedlander's Motion to Intervene as a party is unnecessary as he was made a party by virtue of his creditor status. *Id.*

A careful reading of the Motion to Intervene reveals that Friedlander also seeks to intervene as an attorney for Potter, to "oppose the Bank of America's Motion to be relieved of the Automatic Stay." Motion to Intervene at p. 23. Friedlander argues that he and Potter have many causes of action against the Bank which could yield a damage award exceeding the amount of the Bank's debt, and that the offset would extinguish the Bank's claim against Potter. Friedlander asserts that Potter is affected by the Bank's tortious actions and breaches of contract; therefore, Potter is entitled to a preliminary injunction prohibiting the Bank from proceeding to foreclose its lien. Friedlander claims that his interests in this matter are identical to Potter's interests in opposing the Stay Motion and preventing

foreclosure. Friedlander asserts that Potter will be unrepresented by counsel because his current special counsel, Samuel Bregman, has moved to withdraw. Potter is represented by bankruptcy counsel, Davis & Pierce, P.C. (Chris W. Pierce).[2] Friedlander argues that he can better represent both his and Potter's interests in the stay proceeding.

The Bank argues that since Potter is represented by bankruptcy counsel, he does not need representation by Friedlander by way of Friedlander's intervention. In a bankruptcy proceeding, it is the Debtor-In-Possession who must file an application to hire counsel, and the attorney must file a disclosure of compensation under § 329 of the Bankruptcy Code and Rule 2017(b), Fed. R. Bankr. P. Moreover, the Bank correctly asserts that Friedlander, by virtue of his attorney's lien against Potter's property, is adverse to Potter and could not represent him under Bankruptcy Code § 327, requiring that professionals hired by the Debtor-In-Possession must not hold or represent an interest adverse to the estate, and must be disinterested. Friedlander, as a creditor, holds an interest adverse to the estate; it necessarily follows that he is not a disinterested party. Therefore, he cannot be retained to represent Potter. Intervention by a creditor, who is already a party to the bankruptcy proceeding, to act on behalf of the debtor is not permitted by the Code. Moreover, even if Friedlander has a lien on the property that is subject to the Stay Motion, his interest in the property can be adequately protected by his appearance in the foreclosure proceeding.

---

[2] *See* Debtor's Motion to Employ Attorneys (Doc. No. 5); Affidavit of Chris W. Pierce and Disclosure of Compensation Pursuant to Rules 2014 and 2016 (Doc. No. 6) and Order Granting Debtor's Motion to Employ Davis & Pierce, P.C. as Attorneys (Doc. No. 23).

3

For the foregoing reasons, the Court DENIES Friedlander's Motion to Intervene.

*[signature]*
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Martin S. Friedlander, Esq.
Movant
10350 Wilshire Blvd.
Suite 603
Los Angeles, CA 90024

Chris W. Pierce
Attorney for Debtor
P.O. Box 6
Albuquerque, NM 87103

Alice N. Page
U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103

James R. Jurgens
Attorney for Plaintiff
100 LaSalle Circle, Suite A
Santa Fe, NM 87505

Paula Cook and Grey Handy
Attorneys for Richard Cook
and El Llano Co.
PO Box 669
Santa Fe, NM 87504-669

Sharon Hankla
Attorney for Bank of America, N.A.
13725 Struthers Rd Ste 201
Colorado Springs, CO 80921

James T. Reist
Attorney for Robert A. Engel
6400 Uptown Blvd. NE, Ste. 200-West
Albuquerque, NM 87110

Samuel H. Bregman, Jr.
111 Lomas Blvd. #230
Albuquerque, NM 87102-2307

George M. Moore
Attorney for Valley National Bank
PO Box 216
Albuquerque, NM 87103

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

*[signature] Ellen C Snyder*

4