# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Jeffery Watson Potter |
| **Case Number:** | 05-14071 |

### Document Information

| | |
|---|---|
| **Description:** | Order Denying [54-1] Motion For Relief From Stay As To 53 La Vista, Santa Fe, NM by Bank of America, N.A. . |
| **Received on:** | 2006-03-13 16:09:07.000 |
| **Date Filed:** | 2006-03-13 00:00:00.000 |
| **Date Entered On Docket:** | 2006-03-13 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   JEFFERY WATSON POTTER,                          No. 11-05-14071 MS

Debtor.

**ORDER DENYING BANK OF AMERICA'S MOTION FOR RELIEF FROM STAY WITHOUT PREJUDICE TO RENEWING ITS REQUEST FOR RELIEF AFTER A PERIOD OF SIX MONTHS**

THIS MATTER is before the Court on the Motion for Relief from Stay ("Motion") filed by Creditor Bank of America, N.A. ("Bank of America"), by and through its attorneys of record, Castle, Meinhold, & Stawiarski (Sharon Hankla). The Motion requests the Court to grant relief from the automatic stay imposed by 11 U.S.C. § 362 so that Bank of America can proceed with foreclosure of two mortgages it holds against property located in Santa Fe, New Mexico generally known as 53 La Vista ("Property"). Creditor La Vista Homeowners Association ("La Vista Homeowners"), which holds a lien against the Property based on unpaid homeowners' association assessments, filed a response in support of the Motion. (*See* Docket # 71). La Vista Homeowners is a party to the foreclosure proceedings on the Property initiated pre-petition by Bank of America. The Debtor objected to the Motion, and the Court held a final hearing on the Motion on February 27, 2006, after which the Court took the matter under advisement.

After considering the evidence presented at the final hearing and reviewing the documents which the parties requested the Court to take judicial notice of[1], and being otherwise sufficiently

---

[1] Federal Rule of Evidence 201, made applicable to bankruptcy proceedings by Rule 9017, Fed.R.Bankr.P., provides, in relevant part:
   (b) **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it

1

informed, the Court finds that there is sufficient equity in the property to adequately protect Bank of America for a period of six months. Relief from the automatic stay is, therefore, not warranted at this time. In determining that the Motion should be denied, the Court FINDS:

1. Bank of America is the holder of two mortgages on the Property.

2. The combined monthly mortgage payment for both mortgages is $6,800.00. *See* Debtor's Schedule J - Docket # 18.

3. Pre-petition, Debtor transferred his interest in the Property to a trust.

4. Pre-petition, Bank of America initiated foreclosure proceedings in state court to foreclose its interest in the Property. *See* Debtor's Statement of Financial Affairs. The Debtor, La Vista Homeowners Association, and the trust to which Debtor transferred his interest in the Property are defendants in that proceeding.

5. Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 19, 2005.

6. As of the petition date, the total amount of Bank of America's claim, based on two promissory notes secured by two mortgages against the Property, was $1,298,170.78. *See* Proofs of

---

is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
        (c) **When Mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.
        Fed.R.Evid. 201(b) and (c).

Documents filed by the debtor in his or her bankruptcy proceeding are the types of documents the Court may take judicial notice of. *See In re Reed,* 293 B.R. 65, 69 (Bankr.D.Kan. 2003) (bankruptcy court took judicial notice upon request by the trustee of the debtor's petition, schedules, statement of affairs and related documents in considering action to deny the debtor's discharge under 11 U.S.C. § 727(a)(4)(A)).

Claim Nos. 5 and 6.

    7. Debtor has not made any post-petition mortgage payments to Bank of America.

    8. Debtor stated on Schedule A that the value the Property is $1,750,000.00, with a secured claim against the Property in the amount of $1,100,000.00. Debtor's Disclosure Statement reports that the indebtedness to Bank of America on the Property is approximately $1,200,000.00, and that the Debtor believes the property was worth $1,700,000.00 at one time, but that the Property may have "serious mold contamination issues." *See* Disclosure Statement, p. 6. The Disclosure Statement also reports that the total secured claim of Bank of America against the Property is $1,298,170.78, which is the same amount reported on Bank of America's proof of claim.

    9. Debtor listed the value of the Property in his Disclosure Statement as $1,100,000.00, for purposes of a liquidation analysis.

    10. The Property is approximately six acres and is comprised of three separate lots.

    11. La Vista Homeowner's Association filed a secured proof of claim based on unpaid homeowner's association fees in the amount of $12,653.13. *See* Proof of Claim No. 8.

    12. Debtor's Disclosure Statement reports that the claim of La Vista Homeowner's Association is secured by the Property. *See* Disclosure Statement, Exhibit 5.

    13. Homeowner's association fees are assessed annually for each lot. The fees are paid monthly. The Debtor has not paid any homeowner's association fees post-petition. For the year 2006, the Debtor estimates that the homeowner's association fees associated with the Property are approximately $2,700.00. *Testimony of Jeffery Potter.* For the year 2005, the total assessment for homeowner's association fees associated with the Property was $2,400.00. *Testimony of Jeffery*

3

*Potter.*

14. Since the filing of the bankruptcy petition, the Property has suffered some water and mold damage that has not yet been repaired. It is not known how much it will cost to repair the damage. *Testimony of Jeffery Potter.*

15. Even with the need for remediation of the water and mold damage, the Debtor estimates that the current value of the Property is between $1,600,000.00 and $1,750,000.00.

16. Debtor has filed an adversary proceeding seeking to avoid the transfer of the Property to the trust and recover the Property into the Debtor's bankruptcy estate. *See* Adversary Proceeding No. 05-1151 M.

17. As of the petition date, the total secured indebtedness against the Property, consisting of Bank of America's two mortgages and La Vista Homeowner's Association's claim of lien is $1,320,823.91.

18. From the date of the petition through February 27, 2006, the date of the hearing on the Motion, mortgage payments in the total approximate amount of $61,200.00 have become due. (9 months X $6800.00).

19. From the date of the petition through February 27, 2006, monthly homeowner's association fees in the total amount of $1,850.00 have become due. (7 months X $200 per month (the monthly payments for the $2,400 assessment in 2005) + 2 months X $225 per month (the monthly payments for the estimated $2,700 assessment in 2006).

## DISCUSSION

Relief from the automatic stay is governed by 11 U.S.C. § 362(d), which provides:

Case 05-14071-trc7    Doc 148    Filed 03/13/06    Entered 03/13/06 16:12:00    Page 5 of 10

> On request of a party in interest and after a notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
> > (2) with respect to a stay of an act against property in subsection (a) of this section, if –
> > > (A) the debtor does not have an equity in such property; and
> > > (B) such property is not necessary to an effective reorganization

11 U.S.C. § 362(d).

The creditor bears the burden of proving a lack of equity in the debtor's property. 11 U.S.C. § 362(g)(1) ("the party requesting such relief has the burden of proof on the issue of the debtor's equity in property"). Though the burden of proof on the issues relating to relief from the automatic stay shifts to the debtor on all issues other than equity[2], "'the creditor must carry its initial burden of going forward with evidence of 'cause,' including a lack of adequate protection and then the burden will shift to the debtor to persuade the court that the creditor is adequately protected.'" *In re Webber,* 314 B.R. 1, 5 (Bankr.N.D.Okla. 2004) (quoting *In re Anthem Communities/RBG, LLC*, 267 B.R. 867, 871 (Bankr.D.Colo.2001).

The purpose of adequate protection is to compensate a lienholder for any continuing loss or diminution in the value of the collateral. *See* 3 Collier on Bankruptcy ¶ 361.02[2][a] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2005) ("It is the decline in the value of the collateral against which [adequate] protection is provided . . ."). *See also, In re Delta Resources,* 54 F.3d 722, 730

---

[2] 11 U.S.C. § 362(g)(2) ("the party opposing such relief has the burden of proof on all other issues.").

(11th Cir. 1995) (holding that "that an oversecured creditor's interest in property which must be adequately protected encompasses the decline in the value of the collateral only, rather than perpetuating the ratio of the collateral to the debt."). An equity cushion can serve as sufficient adequate protection. *See* 3 Collier on Bankruptcy, ¶ 362.07[3][d][i] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2005) ("[A]n equity cushion is a common form of adequate protection for a secured debt."); *In re Adams,* 218 B.R. 597, 602-603 (Bankr.D.Kan. 1998) (denying request for relief from stay and request for adequate protection where creditor admitted that it had a substantial equity cushion and the value of its collateral was not decreasing).

The only testimony offered at the final hearing on the Motion as to the present value of the Property was the Debtor's estimate that, even taking into consideration the water and mold damage, the Property is worth between $1,600,000.00 and $1,750,000.00. This evidence of value is consistent with the estimates of value reported elsewhere in the Debtor's bankruptcy proceeding. *See* Schedule A - Real Property; Disclosure Statement, pp. 6 and 10. The reported liquidation value of $1,100,000.00 contained in the Debtor's Disclosure statement is not inconsistent with the Debtor's estimate of fair market value. The Debtor testified that the liquidation value is his estimate of the value if the Property were to be sold immediately at a "fire sale." Bank of America has, therefore, not met its burden of showing a lack of equity in the property as required under 11 U.S.C. § 362(d)(2).

In addition, while the Debtor conceded that because the roof leak which caused the water damage to the Property has not yet been repaired and that additional damage that might occur in the event of rain would be a detriment to the Property, the Debtor testified that he could not estimate how any additional damage would affect the market value of the Property. Neither Bank of America nor La

6

Vista Homeowners presented any other evidence that the Property is continuing to decline in value. Therefore, Bank of America has not shown that adequate protection is necessary to protect against a continuing decline in the value of its collateral.

Given that the total secured indebtedness against the Property as of the petition date is $1,320,823.91, and accepting $1,600,000.00 as the present fair market value of the Property, there remains an equity cushion in the approximate amount of $279,176.00. If post-petition mortgage payments and homeowners association fees are also taken into account, the equity cushion as of the date of the hearing on the Motion is approximately $216,126.00. This amount adequately protects Bank of America's interest in the Property for at least some period of time, even if post-petition homeowners association fees, mortgage payments, and accruing interest are taken into account.[3] *Cf. In re Carson,* 34 B.R. 502, 506 (D.Kan. 1983) ("[A] creditor's interest is adequately protected if the value of its security exceeds the amount of its claim by a "sufficient" amount.") (citations omitted). Due to the adequate equity cushion, the Court finds that relief from the automatic stay under 11 U.S.C. § 362(d)(1) is not warranted at this time.

Despite the presence of a significant equity cushion that adequately protects Bank of America at this juncture, the Court finds that the Debtor must earnestly proceed toward confirmation in order to enjoy the continued benefits of the automatic stay. *Cf. In re Delaney-Morin,* 304 B.R. 365, 369 (9th Cir. BAP 2003) ("[S]ection 362(d)(1) gives the bankruptcy court wide latitude in crafting relief from the automatic stay.") (citation omitted); *In re Archway Apartments, Ltd.,* 206 B.R. 463, 466

---

[3] As an oversecured creditor, Bank of America would also be entitled to post-petition interest on its claim. *See* 11 U.S.C. § 506(b).

7

(Bankr.M.D.Tenn. 1997) (finding in a single asset real estate case that relief from the automatic stay was mandatory once § 363(d)(3) was satisfied, but conditioning relief on a drop dead date for confirmation).

At present, the Property is titled in the name of a trust, not the Debtor. Debtor's counsel represented that part of the Debtor's plan to reorganize contemplates recovery of the Property into the bankruptcy estate. Yet, there has been a lack of progress in the Debtor's adversary proceeding to recover the Property from the trust for the benefit of the estate. The complaint was filed and served in July of 2005, but, despite the fact that no answer has been filed, there has been no progress towards resolution of the proceeding. *See* Docket for Adversary Proceeding No. 05-1115 M. Debtor has filed a Disclosure Statement which indicates that he intends to recover all property transferred into the trust, fund his plan of reorganization primarily through recovery in several litigation matters, and pay the claim of Bank of America in full. *See* Disclosure Statement (Docket # 103). As of the date of the final hearing on the Motion, a final hearing on the Debtor's Disclosure Statement was scheduled for March 1, 2006.

Based on the presence of the equity cushion and the Debtor's intentions with regard to reorganization, the Court will deny the Motion for a period of six months. Any further continuation of the stay is conditioned upon the Debtor making progress toward resolving Adversary Proceeding No. 05-1115 M, obtaining approval of his Disclosure Statement, and moving forward toward confirmation of a plan of reorganization. *Cf. In re Glenn,* 181 B.R. 105, 108-109 (Bankr.E.D.Okla. 1995) (in a chapter 12 case where court could not adequately calculate the amount of equity cushion, the court found that the debtors should be given an opportunity to reorganize and denied relief from stay without

8

prejudice to refiling a motion for relief from stay in the event the debtors were unable to formulate a feasible plan.).

WHEREFORE, IT IS HEREBY ORDERED, that the Motion for Relief from Stay is DENIED without prejudice to Bank of America renewing its motion for relief from stay after a period of six months from the date of entry of this order.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Chris W. Pierce
Attorney for Debtor
PO Box 6
Albuquerque, NM 87103

Sharon Hankla
Attorney for Bank of America
13725 Struthers Rd Ste 201
Colorado Springs, CO 80921 -2451

Clifford C. Gramer, Jr.
Attorney for La Vista Homeowners Association
3733 Eubank Blvd NE
Albuquerque, NM 87111 -3536

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

9