# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JEFFERY WATSON POTTER,  No. 11-05-14071 MS

Debtor.

## ORDER GRANTING MOTION TO CONVERT CASE TO CHAPTER 7

THIS MATTER is before the Court on the following: 1) Motion of Valley National Bank for Appointment of Chapter 11 Trustee, or for Conversion of Case to Chapter 7, or for Order Dismissing Proceeding; and 2) U.S. Trustee's Motion to Dismiss or Convert (together, "Motions"). Several creditors filed responses in support of the Motions.[1] Martin S. Friedlander, in his capacity as a Defendant in the LANB Adversary Proceeding, secured creditor, interested party, proposed intervenor on appeal to the Bankruptcy Appellate Panel, and as Trustee of the Legal Defense and Maintenance Trust of California ("California Trust") filed objections to the Motions. (*See* Docket #202 and Docket # 211). The Debtor did not file an objection or response to the Motions. The Court held a final hearing on the Motions on October 23, 2006 and took the matter under advisement.

At the final hearing, the Debtor, Jeffery Potter, *pro se,* and Martin Friedlander, *pro se,*

---

[1]*See* Los Alamos National Bank's Response to Valley National Bank's Motion for Appointment of Chapter 11 Trustee, or for Conversion or Dismissal and to U.S. Trustee's Motion to Dismiss or Convert (Docket # 208), requesting conversion; Response in Support of U.S. Trustee's Motion to Dismiss or Convert, filed by Bank of America, N.A. (Docket # 212); Response in Support of Valley National Bank's Motion for Appointment of Chapter 11 Trustee, or for Conversion of Case to Chapter 7, or for Order Dismissing Proceeding, filed by Bank of America, N.A. (Docket # 213); Response and Joinder of La Vista Homeowners Association in the U.S. Trustee's Motion to Dismiss or Convert (Docket #215), requesting conversion; Response and Joinder of Davis & Assoc. P.C.(Formally Davis & Pierce, P.C.) as an Administrative Creditor (Docket # 216), requesting conversion; and Response of Robert A. Engel and Engel & Stern, LLP in Support of, and Partial Joinder in , the U.S. Trustee's Motion to Dismiss or Convert (Docket #219), requesting conversion.

1

requested that the bankruptcy proceeding be dismissed. Valley National Bank ("VNB"), La Vista Homeowners Association, Los Alamos National Bank, Robert Engel, Engel & Stern, LLP, Richard Cook, El Llano Company, Inc., Bank of America, N.A., and the United States Trustee urged the Court to convert this proceeding to Chapter 7. After considering the record of this proceeding and the arguments presented at the final hearing, and being otherwise sufficiently informed, the Court finds that conversion, rather than dismissal, best serves the interest of the estate and its creditors. Accordingly, the Court will grant the Motions and convert this proceeding to Chapter 7.

## DISCUSSION

Conversion and dismissal of Chapter 11 proceedings is governed by 11 U.S.C. § 1112(b), which provides, in relevant part:

> . . . on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including --
>
> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
> (2) in ability to effectuate a plan;
> (3) unreasonable delay by the debtor that is prejudicial to creditors;
> (4) failure to propose a plan under section 1121 of this title within any time fixed by the court;
> . . . .
> (10) nonpayment of any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b).

A finding of "cause" is not limited to the grounds enumerated by 11 U.S.C. § 1112(b), and courts may consider other factors as sufficient grounds for conversion or dismissal on a case by case

basis. *See Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir. 1989) (the list of grounds for dismissal or conversion under § 1112(b) is not exhaustive); *In re AdBrite Corp.,* 290 B.R. 209, 216 (Bankr.S.D.N.Y. 2003) ("A finding of cause is not limited to the grounds stated in § 1112(b).") (citations omitted); *In re Gonic Realty Trust,* 909 F.2d 624, 626 (1st Cir. 1990) ("in determining 'cause' for dismissal the court may consider other factors as they arise and use its powers to reach appropriate results in individual cases.")(citing *In re Linwood Smith,* 77 B.R. 496, 500 (Bankr.E.D.Pa. 1987)).

The record of this proceeding reflects that the Debtor filed a voluntary petition under Chapter 11 on May 19, 2005. After more than a year, Debtor has not obtained approval of a disclosure statement nor confirmed a plan of reorganization. Debtor has failed to file monthly operating reports since December 2005. Quarterly fees to the United States Trustee remain unpaid. These facts constitute sufficient grounds to dismiss or convert under 11 U.S.C. § 1112(b). *See Hall v. Vance,* 887 F.2d at 1044 (debtor's failure to present an acceptable plan within eight months of the filing of the petition served as sufficient grounds for dismissal); *Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming Co. I (In re Sunflower Racing, Inc.)*, 226 B.R. 665, 669 (D.Kan. 1998) (debtor's failure to propose confirmable plan within a reasonable time constitutes cause to dismiss or convert under § 1112(b)(2));  *In re Berryhill,* 127 B.R. 427, 433 (Bankr.N.D.Ind. 1991)("the failure to file operating reports 'in itself constitutes 'cause' for dismissal.'")(quoting *In re McClure,* 69 B.R. 282, 289 (Bankr.N.D.Ind. 1987)); *In re Desmond,* 331 B.R. 42, 44 (Bankr.D.N.H. 2005)(conversion justified under 11 U.S.C. § 1112(b)(10) based on debtor's failure to pay any fees to the United States Trustee for almost two years). In addition, Debtor has not retained bankruptcy counsel since May of 2006 when his

3

former counsel withdrew, yet he has done little, if anything, while proceeding *pro se* to move toward confirmation. What the Debtor has done since the withdrawal of his former bankruptcy counsel, is voluntarily dismiss with prejudice the adversary proceeding which seeks to recover for the estate all of the assets Debtor transferred to the California Trust prior to filing this bankruptcy proceeding. Based on these facts, which present a clear indication that the Debtor has failed to meet the obligations of a debtor-in-possession, the Court finds that sufficient cause exists to dismiss or convert this proceeding under 11 U.S.C. § 1112(b).

Having found "cause" for dismissal or conversion under 11 U.S.C. § 1112(b), the Court must determine whether dismissal or conversion is in the best interest of creditors and the estate, weighing the facts and circumstances particular to the case. *See In re BTS, Inc.,* 247 B.R. 301, 309 (N.D.Okla. 2000) (determining whether dismissal or conversion is in the best interest of creditors and the estate falls to the sound discretion of the bankruptcy court and "'implies a balancing test to be applied through a case-by-case analysis'") (quoting *In re Staff Investment Co.,* 146 B.R. 256, 260 (Bankr.E.D.Cal. 1992)). In making this determination, the preference of a majority of the creditors does not mandate the result. *Id.* at 311 (noting that in deciding between dismissal and conversion, the Court is "not to act as a mere counter of votes.") (citing *Rollex Corp. v. Assoc. Materials, Inc., (In re Superior Siding & Window, Inc.),* 14 F.3d 240, 243 (4th Cir. 1994)). In assessing whether dismissal or conversion is in the best interest of creditors and the estate, the Court must "'ascertain the impact on the creditors and on the estate of each of the options . . . . comparing the creditors' interests in bankruptcy with those they would have under state law.'" *In re OptInRealBig.com, LLC,* 345 B.R. 277, 284 (Bankr.D.Colo. 2006) quoting *Superior Siding,* 14 F.3d at 243 (citing *In re Mech. Maint., Inc.,* 128 B.R. 382 (E.D.Pa.

4

1991)). Based on the facts and circumstances, the Court finds that conversion best serves the interest of the estate and its creditors.

Prior to the filing of the bankruptcy proceeding, the Debtor transferred substantially all of his assets, including his residence, and "all assets, real or personal, wherever located" to the California Trust. (*See* Exhibit 1). Debtor's former bankruptcy counsel initiated an adversary proceeding to avoid the transfers to the California Trust pursuant to 11 U.S.C. § 544. (*See* Adversary No. 05-1151 M; Exhibit 3). After Debtor's bankruptcy counsel withdrew its representation, the Debtor, *pro se,* voluntarily dismissed Adversary Proceeding No. 05-1151 M with prejudice pursuant to Rule 41(a)(1), Fed.R.Civ.P. (*See* Exhibit 4). Because substantially all of the Debtor's assets were transferred to the California Trust, there would be virtually no assets in the bankruptcy estate which would be available for liquidation by a Chapter 7 trustee, unless Adversary Proceeding No. 05-1151 M resulted in an avoidance of the transfers.

Martin Friedlander contends that the Debtor's voluntary dismissal of the Adversary Proceeding No. 05-1151 M with prejudice pursuant to Rule 41(a), Fed.R.Civ.P. would be binding on any subsequent trustee appointed to administer the Debtor's bankruptcy estate, rendering conversion of the Debtor's bankruptcy proceeding of no benefit to creditors or the bankruptcy estate.[2] The Debtor likewise requests the Court to dismiss his bankruptcy proceeding.

Rule 41(a), Fed.R.Civ.P. is made applicable to adversary proceedings by Rule 7041,

---

[2]Mr. Friedlander stated at the final hearing that the Debtor's interest in an attorney malpractice lawsuit filed against Robert Engel and Engel & Stern, LLP remains property of the bankruptcy estate because it is not possible to transfer an interest in a malpractice lawsuit under applicable California law.

5

Fed.R.Bankr.P.[3] Debtor filed a notice of dismissal of Adversary Proceeding under Rule 41(a), Fed.R.Civ.P. which provides, in relevant part, that "an action may be dismissed by the plaintiff without order of the court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Rule 41(a), Fed.R.Civ.P. Dismissal under Rule 41(a), Fed.R.Civ.P. is ordinarily without prejudice, except that the notice can provide otherwise. *Id.* Here, no answer or motion for summary judgment had been filed by the defendant, Mariana Danilovic, as trustee of the California Trust, prior to the filing of the notice of dismissal, and the notice of dismissal expressly provided that the dismissal was with prejudice. (*See* Exhibit 4). Thus dismissal of Adversary Proceeding No. 05-1151 M with prejudice was completed in accordance with Rule 41(a), Fed.R.Civ.P.

However, Jeffery Potter, individually, and as debtor in possession, entered into a Settlement and Release Agreement with Ms. Danilovic, and others, whereby he agreed to release and indemnify Ms. Danilovic in exchange for Ms. Danilovic's resignation as trustee of the California Trust. ( *See* Exhibit 2). This Settlement and Release Agreement appears to constitute a settlement and compromise of Adversary Proceeding No. 05-1151 M, and as such, is subject to notice and approval in accordance with Rule 9019, Fed.R.Bankr.P.

"Once a bankruptcy has been filed the absolute dismissal right of Rule 41 is further

---

[3]Rule 7041, Fed.R.Bankr.P. provides:
>Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at plaintiff's insistence without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Rule 7041, Fed.R.Bankr.P.

circumscribed by Rule 9019(a) and 2002(a)(3) which provide for the compromise or settlement of a controversy only upon notice, hearing and court approval." *In re Trout,* 108 B.R. 235, 238 (Bankr.D.N.D. 1989). The purpose of Rule 9019 "is to bind the bankruptcy estate to the terms of any bargain struck by a trustee or debtor-in-possession that affects the bankruptcy estate." *Optinrealbig.com,* 345 B.R. at 291 (citing *Saccurato v. Masters, Inc., (In re Masters, Inc.),* 149 B.R. 289, 291 (E.D.N.Y. 1992) (remaining citation omitted). Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any there entity as the court may direct.
>
> Rule 9019(a), Fed.R.Bankr.P.

No notice of the Settlement and Release Agreement was given. Thus, while Rule 9019(a) gives the court discretion to approve a compromise or settlement only upon motion and only after notice and a hearing, if approval of a compromise by the Court is not obtained, the consequent voluntary dismissal of the adversary proceeding cannot be binding upon all creditors. As noted by the bankruptcy court in *Trout,*

> The bankruptcy Code envisions a process whereby all parties in interest have equal access to information regarding the debtor's assets, liabilities and claims . . . . once a person elects to avail himself of the benefits of the federal bankruptcy laws by the filing of a petition, he can no longer expect to have any financial secrets. The Code contemplates a full and complete disclosure.
>
> *Trout,* 108 B.R. at 238.

Full and complete disclosure of the terms of the Settlement and Release and the Debtor's intent to dismiss the pending fraudulent transfer proceeding with prejudice was not noticed to all creditors prior to the entry of the voluntary dismissal. Consequently, the Debtor was able to dismiss with prejudice the cause of action which could recover the majority of the Debtor's

7

assets for the benefit of the estate and all creditors. To allow the debtor-in-possession to manipulate the bankruptcy process by voluntarily dismissing the adversary proceeding with prejudice, thereby unilaterally foreclosing the estate's ability to attempt to recover assets the Debtor voluntarily transferred to the California Trust is prejudicial to creditors and contrary to the equitable principles embodied in the Bankruptcy Code.[4]

If the bankruptcy proceeding is dismissed, creditors can pursue their causes of action against the Debtor, including any cause of action to recover assets the Debtor transferred to the California Trust that might be available under applicable state fraudulent transfer law. On the other hand, if the case is converted to Chapter 7, a Chapter 7 trustee will administer the bankruptcy estate for the benefit of all creditors and make distributions to creditors based on the priorities established under the Bankruptcy Code. *See OptInRealBig.com, LLC,* 345 B.R. at 284 (noting that the Fourth Circuit's decision in *Superior Siding* "observed that, because the policy of equality of distribution is central to the Bankruptcy Code, one of the factors to be considered

---

[4]It is correct that agreements reached by a debtor-in-possession may bind a subsequently appointed Chapter 7 trustee. *See In re Fordu,* 201 F.3d. 693, 706 n.18 (6th Cir. 1999) (noting that "after a conversion of a bankruptcy case from a reorganization to a liquidation proceeding, a Chapter 7 trustee often will be held to have been in privity with his predecessor fiduciary . . . the debtor-in-possession"). However, debtors-in-possession owe a fiduciary duty to all creditors of the bankruptcy estate. *See In re Nautilus of New Mexico, Inc.,* 83 B.R. 784, 789 (Bankr.D.N.M. 1988) ("A debtor in possession has the fiduciary duty to preserve estate assets for the benefit of creditors.")(citation omitted); *In re Americana Expressways, Inc.,* 192 B.R.763, 767 n.6 (D.Utah 1996), *aff'd,* 133 F.3d 752 (1997) ("The debtor in possession has obligations of fidelity, undivided loyalty and impartial service and is a fiduciary for all creditors.")(citations omitted). If a judgment is obtained as part of a collusive scheme on the part of the debtor to hinder, delay, or defraud creditors, there is no privity between the debtor-in-possession and the trustee. *See Dionne v. Keating (In re XYZ Options, Inc.).* 154 F.3d 1262, 1271 (11th Cir. 1998) (finding that the trustee in bankruptcy was not in privity with the debtor and was not bound by the state court judgment obtained prior to the bankruptcy by parties antagonistic to the trustee's interests as part of a collusive scheme to hinder, delay, or defraud creditors).

8

in determining the best interests of creditors is whether dismissal or conversion would best serve that policy.")(citing *Superior Siding,* 14 F.3d at 243). Whether a Chapter 7 trustee will be able to pursue the fraudulent transfer action which was dismissed by the Debtor has not been determined. However, there are other several other pending lawsuits involving the Debtor that could benefit the estate and its creditors. Those proceedings are:

| | |
|---|---|
| Adv. Proc. No. 05-1129 M | Jeffery Potter, Summit Investment Company, LLC, and Summit Valdez LLC v. Robert A. Engel, Engel & Stern, LLP, California Trust, and Los Alamos National Bank ("LANB") (pending) |
| Adv. Proc. No. 05-1216 M | Valley National Bank, Plaintiff/Counter-Defendant v. Jeffery Potter, Defendant/Counter-Plaintiff and Jeffery Potter, Third-Party Plaintiff v. Richard Cook, El Llano Company, Inc., Third-Party Defendants (pending) |
| Adv. Proc. No. 05-1149 M | LANB v. Jeffery Potter, California Trust, Martin Friedlander, Kitty Miller, French & French Fine Properties, Inc., and Summit Investment Company LLC (pending) |
| Adv. Proc. No. 05-1218 M | Richard Cook v. El Llano Summit Caja del Rio, LLC, and Jeffery Potter (remanded to the First Judicial District Court) |
| Adv. Proc. No. 06-1138 | El Llano Co., Inc., Santa Fe Business Park, LLC, Summit Floormart LLC, and Richard Cook, Plaintiffs/Counter-Defendants v. Summit Investment Co., LLC, Summit Valdes Business Park, LLC, Jeffery Potter, Defendants/Counter-Plaintiffs v. California Trust, Defendants and Summit Valdes and Jeffery Potter, Third-Party Plaintiffs v. Sarco, Inc., Third-Party Defendant (pending) |
| Adv. Proc. No. 05-1151 M | Jeffery Potter v. California Trust (dismissed with prejudice pursuant to Rule 41(a), Fed.R.Civ.P.) |

Conversion of the bankruptcy proceeding to Chapter 7 will afford the trustee an

9

opportunity to evaluate these causes of action on behalf of the creditors and the estate.

WHEREFORE, IT IS HEREBY ORDERED, that the Motions are GRANTED, in part. This bankruptcy proceeding is hereby converted to Chapter 7.

ORDERED FURTHER, that the United States Trustee appoint a Chapter 7 trustee.

ORDERED FURTHER, that the Chapter 7 trustee evaluate all causes of action involving the Debtor and file with the Court a report reciting the trustee's position with regard to each cause of action within thirty days after the conclusion of the meeting of creditors held pursuant to 11 U.S.C. § 341.

/s/ Mark B. McFeeley
_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Jeffery Potter
PO Box 8280
Santa Fe, NM 87504

United States Trustee
PO Box 608
Albuquerque, NM 87103

George M. Moore
Arin Berkson
Attorneys for Valley National Bank
PO Box 216
Albuquerque, NM 87103

Grey Handy
Paula A. Cook
Attorneys for Richard Cook and El Llano Company, Inc.
PO Box 669
Santa Fe, NM 87504-0669

Clifford C Gramer, Jr
Attorney for La Vista Homeowners Association, NM
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Sharon Hankla
Attorney for Bank of America
13725 Struthers Rd Ste 201
Colorado Springs, CO 80921

James R. Jurgens
Attorney for Los Alamos National Bank
100 La Salle Circle, Suite A
Santa Fe, NM 87505

Francis J. Mathew
Attorney for New Mexico Bank and Trust
PO Box 23945
Santa Fe, NM 87502-3945

James T Reist
Attorney for Robert Engel and Engel & Stern, LLP
2201 San Pedro NE, Bldg #2, Ste 207
Albuquerque, NM 87110-4129