**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re:   JEFFERY W. POTTER,                              No. 7-05-14071 MS

Debtor.

**ORDER GRANTING, IN PART, AND  DENYING, IN PART, APPLICATION BY DAVIS
& PIERCE, P.C. FOR  ALLOWANCE AND PAYMENT OF FEES AND COSTS
FOR THE PERIOD OF MAY 25, 2005 THROUGH MAY 18, 2006**

THIS MATTER is before the Court on the Second and Final Application by Former

Attorneys for Debtor for Allowance and Payment of Compensation for the Period of May 25,

2005 Through May 18, 2006 ("Fee Application")[1] filed by Davis & Pierce, P.C. ("Davis &

Pierce").  The following parties filed objections to the Fee Application: Creditor Los Alamos

National Bank ("LANB") (Docket # 174 and #199); Creditor Valley National Bank ("VNB")

(Docket # 177 and #200); the United States Trustee ("Docket #201); and Creditor Martin

Friedlander (Docket # 176).  At the final hearing on the Fee Application, held April 10, 2007,

only the United States Trustee and Mr. Friedlander pursued their objections.    Counsel for the

Chapter 7 Trustee appeared at the final hearing and was allowed to comment generally during

closing arguments on the propriety of the Fee Application, but did not file an objection to the Fee

Application and did not question any witnesses.   The parties objecting to the Fee Application

assert that not all of the services requested in the Fee Application were reasonable and necessary

---

[1]The Fee Application seeks approval of fees and costs incurred from April 1, 2006 to
May 18, 2006, and requests the Court to treat the Fee Application as consolidated with the First
Interim Application by Attorneys fo Debtor for Allowance and Payment of Compensation for the
Period of May 25, 2005 through March 31, 2006 ("First Fee Application"), filed May 11, 2006.
(Docket # 163).   This order addresses all fees and costs requested by Davis & Pierce, P.C. in the
First Fee Application and the Fee Application.

1

and/or failed to benefit the bankruptcy estate.   Upon review of the Fee Application, the itemized billing statements attached thereto, and the testimony presented at the final hearing in light of the applicable standards for compensation of attorneys' fees and costs, the Court finds that some of the requested fees must be disallowed because they are excessive, duplicative, clerical or administrative in nature, and, therefore, failed to provide a benefit to the estate.

## BACKGROUND AND FACTS

Debtor, Jeffery W. Potter, filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 19, 2005.   On May 24, 2005, Debtor filed a Motion to Employ Davis & Pierce, P.C. ("Davis & Pierce") as his counsel, and on June 28, 2005, the Court entered an order authorizing the Debtor's employment of Davis & Pierce, effective as of May 24, 2005. (*See* Docket # 5 and Docket # 23).   In July of 2005, the Debtor, by and through his attorneys, Davis & Pierce, filed a motion seeking to employ The Bregman Law Firm, P.C. (Samuel H. Bregman) as special counsel for the Debtor to represent the Debtor in five ongoing state court litigation matters.  (*See* Docket # 27).   An order authorizing the employment of The Bregman Law Firm, P.C. as special counsel for the Debtor was entered on August 25, 2005. (*See* Docket # 41). Three of the five state court litigation matters in which special counsel was employed to represent the Debtor were removed to this Court.  (*See* Adversary No. 05-1216 M, Valley National Bank v. Jeffery Potter; Adversary No. 15-1218 M, Richard P. Cook v. El Llano Summit Caja del Rio, LLC and Jeffery Potter; and Adversary No. 05-1129 M, Jeffery Potter v. Robert Engel, et al.).   The attorney client relationship between special counsel and the Debtor deteriorated, and in December of 2005, The Bregman Law Firm, P.C.  filed a motion seeking to withdraw from its representation of the Debtor as special counsel.  (*See* Motion to Withdraw as

Special Counsel for Debtor, Docket # 97). The Debtor, by and through Davis & Pierce, filed an objection to the Motion to Withdraw as Special Counsel for Debtor ("Special Counsel's Motion to Withdraw"), and the Court held a final hearing on Special Counsel's Motion to Withdraw on January 30, 2006, after which the Court took the matter under advisement. The Court granted Special Counsel's Motion to Withdraw on February 14, 2006. (Docket # 129).

In January of 2006, Davis & Pierce filed on behalf of the Debtor the Debtor's Disclosure Statement and Chapter 11 Plan of Reorganization. (*See* Docket # 102, and Docket # 103). Also during this time Davis & Pierce successfully defended Bank of America, N.A.'s motion for relief from automatic stay. (*See* Docket # 145, Hearing on Bank of America, N.A.'s motion for relief from stay held 2/27/06; and Docket # 148, Order Denying Motion for Relief from Stay, entered March 13, 2006). In March of 2006, after the withdrawal of Sam Bregman as special counsel, Davis & Pierce defended the Motion to Remand filed by Richard Cook in Adversary Proceeding Nos. 05-1218 M.

During Davis & Pierce's representation of the Debtor, Davis & Pierce filed an adversary proceeding seeking to recover certain transfers of the Debtor's assets to the Legal Defense and Maintenance Trust of California ("California Trust"). (*See* Adversary No. 05-1151 M, filed July 11, 2005). The Debtor, acting *pro se,* filed a Notice of Voluntary Dismissal with Prejudice in Adversary Proceeding No. 05-1151 M on May 22, 2006.

In April of 2006, Davis & Pierce filed a motion to withdraw as counsel for the Debtor, stating that such request was "due to a fundamental disagreement" between Davis & Pierce and the Debtor. In early May of 2006, Davis & Pierce filed an amended disclosure statement and an amended plan of reorganization on behalf of the Debtor. (*See* Docket #179, Amended Plan;

3

Docket # 180, Amended Disclosure Statement; and Docket #184, First Amended Disclosure Statement). An order authorizing Davis & Pierce's withdrawal as counsel for the Debtor was entered on May 22, 2006. (Docket # 190).

In June of 2006, VNB filed a Motion to Dismiss or Convert. (Docket # 197). The United States Trustee also filed a motion to dismiss the Debtor's bankruptcy proceeding, and a motion to convert the Debtor's bankruptcy proceeding to Chapter 7. (Docket #203, and Docket #204). The Court converted the Debtor's bankruptcy proceeding to Chapter 7 on November 17, 2006. (Docket # 228).

STANDARDS

Section 330 governs compensation of attorneys employed by the debtor-in-possession[2], and provides in relevant part as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 –
>
> > (A) reasonable compensation for actual necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.
>
> . . .
>
> (3) In determining the amount of reasonable compensation to be awarded the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;

---

[2]Section 327 authorizes the trustee, with court approval, to employ an attorney to represent or assist the trustee in carrying out the trustee's duties under the Bankruptcy Code. 11 U.S.C. § 327. Pursuant to 11 U.S.C. § 1107, a debtor-in-possession proceeding under Chapter 11 of the Bankruptcy Code has all the powers of a trustee. 11 U.S.C. § 1107(a).

4

© whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for –

(I) unnecessary duplication of services; or

(ii) services that were not –

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

11 U.S.C. § 330(a)

In determining whether the requested fees are necessary, the Court will consider whether the services benefitted the estate, keeping in mind that requested fees need not automatically be denied as unnecessary where they do not provide a tangible benefit to the estate. *See In re Lederman Enterprises, Inc.,* 997 F.2d 1321, 1323 (10th Cir. 1993) (determining that necessary fees are those fees that benefit the estate); *Van Cott, Bagley, Cornwall & McCarthy v. B.R. & F., L.C. (In re Ricci Investment Co., Inc.),* 217 B.R. 901, 906 (D. Utah 1998) (declining to extend *Lederman,* and finding that "necessary fees include, but are not limited to those that benefit the estate.") (citation omitted). When determining whether services benefitted the estate, "Courts should also consider 'whether the services rendered promoted the bankruptcy process in accordance with the practices and procedures provided under the Bankruptcy Code.'" *In re Kusler,* 224 B.R. 180, 184 (Bankr.N.D.Okla. 1998) (quoting *In re Spanjer Bros., Inc.,* 203 B.R.

5

85, 90 (Bankr. N.D.Ill. 1996)).

Any compensation awarded to Davis & Pierce for work performed during the Chapter 11 proceeding does not have priority over any award for fees that may be granted to counsel employed by the Chapter 7 trustee for work performed after the conversion of this proceeding to Chapter 7. *See* 11 U.S.C. § 726(b) ("in a case that has been converted to this chapter . . . a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title . . .").

## DISCUSSION

The United States Trustee questions whether Davis & Pierce's attorneys fees provided a benefit to the estate, given that once special counsel had withdrawn its representation, it appeared that the Debtor had little prospect for confirmation of a plan of reorganization. Mr. Friedlander also questions whether the work performed by Davis & Pierce provided any benefit to the estate.

The Fee Application requests compensation of attorneys fees and costs as follows:

First Fee Application - for the period from May

| Attorney and Paralegal fees: | $56, 507.50 |
| Expenses: | $ 2,700.00 |
| NM Gross Receipts Taxes: | $ 3,814.26 |
| TOTAL: | $ 63,287.41 |
| | ( 10,914.40) (payments received) |
| Balance: | $ 52,373.01 |

Fee Application - for the period from April 1, 2006 through May 18,m 2006:

Attorney and Paralegal fees:    $  7, 788.00

6

| | | |
|---|---|---|
| Expenses: | $ | 1, 327.82 |
| NM Gross Receipts Taxes: | $ | 525.69 |
| TOTAL: | $ | 9,641.51 |
| **COMBINED TOTAL** | **$62,014.52** | |
| (Less payments received) | | |

The hourly rate charged by the primary attorney who worked on this matter was $200.00, and the hourly rate charged by the senior attorney who worked on this matter was $225.00. The hourly rate charged by paralegals who performed work on this matter under the supervision of the primary attorney was $80.00. Expenses charged to the client as costs consist of the following: in-house photo-copying expense at the rate of 25¢ per page; mileage for hand-deliveries at the rate of 37¢ per mile; and actual out of pocket expenses for deposition transcripts, computer-aided legal research, postage, long-distance telephone charges, and overnight mail. The reasonableness of the hourly rates and the requested costs has not been contested by any objecting party. The Court finds that the requested hourly rates and the expenses are reasonable. *See CF & I Fabricators of Utah, Inc.,* 131 B.R. 474, 483 (Bankr.D.Utah 1991) ("A professional will generally be allowed a full reasonable hourly rate at the customary billing rate unless he or she performs work that could have been done by another at a lesser hourly rate.")(citations omitted); *See also, In re Vista Foods USA, Inc.,* 234 B.R. 121, 128 n.20 (Bankr.W.D.Okla. 1999) (noting that, "[i]n the Tenth Circuit, the establishment of a reasonable hourly rate is within the discretion of the trial court and is to be based upon: (1) the instant case and (2) the prevailing rate in the area.")(citing *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir.1990)); *In re Recycling Industries, Inc.,* 243 B.R. 396, 404 n.6 (Bankr.D.Colo. 2000) (noting that when there is no evidence of prevailing market rates, the court "may use other

7

relevant factors, including its own knowledge, to establish the rate.")(citation omitted).

In order to receive compensation for services rendered to a Chapter 11 debtor-in-possession, counsel is not required to have achieved confirmation. *In re Citrone Development Corp.,* 106 B.R. 359, 361 (Bankr.S.D.N.Y. 1989). Nevertheless, attorneys' fees must measure up to the standards of reasonableness contained in 11 U.S.C. § 330 before they may be allowed as an expense to be borne by the bankruptcy estate. The time spent on tasks performed must not be excessive, and it is incumbent upon attorneys seeking approval of compensation from the bankruptcy estate to exercise billing judgment. *See CF & I Fabricators,* 131 B.R. at 486 ("The standard of section 330 that compensation be for actual and necessary services makes the exercise of 'billing judgment' a mandatory requirement in bankruptcy fee matters.")(citation omitted). Clerical work is part of office overhead and is subsumed in an attorney's hourly rate; consequently it is not compensable from the bankruptcy estate. *See CF & I Fabricators,* 131 B.R. at 489 (clerical or secretarial services performed by paralegal are part of office overhead and are not reasonably charged to the estate). Similarly, excessive time spent by an attorney in instructing or delegating primarily ministerial tasks to a paralegal is part of a law firm's intra-office administration and will, therefore, be disallowed as unnecessary. *Cf. In re New Boston Coke Corp.,* 299 B.R. 432, 445 (Bankr.E.D.Mich. 2003) (noting that "[g]enerally, holding an intra-office conference for the purpose of training attorneys is not compensable.") (citing *In re Big Rivers Elec. Corp.,* 233 B.R. 768, 780 (Bankr.W.D.Ky.1999), *rev'd on other grounds,* 252 B.R. 393 (W.D.Ky.2000)("[w]hile training and reviewing the work of associates and new professionals are necessary functions, the costs associated therewith are [overhead] expenses to the firm.")).

8

Upon review of the itemized billing statements submitted by Davis & Pierce in support of its Fee Application, the Court finds that while much of the work performed following the withdrawal of special counsel was nevertheless reasonable and necessary to continue and promote the bankruptcy process, the following amounts must be disallowed for the reasons specified below:

| Date | Work Description | Time | Amount Disallowed | Reason for Disallowance |
|------|-----------------|------|-------------------|------------------------|
| 6/2/05 | prepare stipulated order granting extension of time to file Scheds, Stmt of Fin. Aff and Initial Rpt | .5 | $40.00 | excessive time spent on task |
| 6/2/05 | telephone conference w/ Jina Garcia, paralegal, re: preparation of stipulated order | .2 | $40.00 | unnecessary |
| 6/17/05 | Review of email from client re: revisions to stmts and schedules (.3); Reviewed and revised same re: litigation, values, characterization of claims (1.8) | .5 | $100.00 | excessive time spent on task |
| 6/17/05 | telephone conference with Jina Garcia, paralegal re: signing of verification, filing, status | .2 | $40.00 | administrative office overhead |
| 6/7/05 | review of letter from M. Friedlander re: request for copy of stay motion and matrix and approve sending of same | .2 | $40.00 | excessive time spent on task |
| 6/29/05 | Review of notice of hearing on LANB stay mtn; letter to client | .2 | $40.00 | excessive time spent on task |
| 6/15/05 | telephone conference with bankruptcy clerk's office re: heading on removal, procedure and review rules and CPPG . . . and review entry of appearance from Bannerman from Engel | .2 | $40.00 | excessive time spent on task |

9

| | | | | |
|---|---|---|---|---|
| 7/6/05 | conference w/ Chris W. Pierce concerning removal of cases to bankruptcy court and strategy | .4 | $90.00 | Duplicative effort |
| 7/27/07 | review change of address from Century Bank; conference w/ paralegal re: changing address | .1 | $10.00 | Excessive time spent on task |
| 7/6/05 | review and revise affidavit of Bregman re: cases, task; email to Bregman re: same | .2 | $40.00 | Excessive time spent on task |
| 7/11/05 | review of signed Bregman affidavit and approve for filing motion to employ | .3 | $60.00 | Excessive time spent on task |
| 7/13/05 | conference w/ Jina Garcia, paralegal re: notice of hearing on LANB stay; review of same and approve for filing | .2 | $40.00 | unnecessary; administrative office overhead |
| 7/14/07 | review of issued summons in adversary; conference w/ Jina Garcia, paralegal re: service | .2 | $40.00 | excessive; administrative office overhead |
| 8/11/05 | Review of docket re: objections (.1); conference w/ Jina Garcia, paralegal re: preparation of order of employment for Bregman(.1); reviewed and revised same and approve for emailing to court(.2) | .4 | $80.00 | Clerical/office overhead |
| 9/29/05 | conference with Jina Garcia, paralegal re: documents, filing, electronic filing, additional documents (.2); Reviewed and revised notices of removal and approve for filing (.3) | .5 | $100.00 | Excessive/clerical/ office overhead |
| 10/28/05 | conference with Jina Garcia, paralegal, re: draft of same and review and revise same (.4); review of final draft and approve for filing (.2); | .4 | $80.00 | Clerical/ administrative office overhead |

| | | | | |
|---|---|---|---|---|
| 10/28/05 | conference with Jina Garcia, paralegal re: order on employment of REDW and review and revise same; approve for faxing to opposing attys | .3 | $60.00 | Clerical/ administrative office overhead |
| 10/21/05 | telephone conference with Paula Cook's secretary re: complaint in Trust suit; faxing of same | .2 | $40.00 | Clerical/ administrative office overhead |
| 10/21/05 | telephone conferences with Jina Garcia, paralegal re: Friedlander calls, emails, request for meeting, meeting with client, Bregman, timing | .3 | $60.00 | Clerical/ administrative office overhead |
| 11/10/05 | legal research for exemptions on household goods, furniture, other personal items (.5); reviewed and revised liquidation analysis (.5) | .5 | $100.0 | experienced bankruptcy attorney should know exemption amts; legal research, therefore, excessive[3] |
| 11/29/05 | Review of email from court (.2); preparation of notices (.3); reviewed and revised order and email to court (.4); review of signed order and conference with Jina Garcia, paralegal re: same (.3) | 1.2 | $240.00 | Insufficient description of work performed |
| 11/7/05 | review of signed order from judge on REDW; email coppy to client. | .2 | $40.00 | Excessive time spent on task |
| 12/5/05 | conference with Jina Garcia, paralegal re: bar date notices (.2); reviewed and revised same and approve for filing (.8) | 1.0 | $200.00 | Excessive time spent on task |

---

[3]*See In re Krug,* 174 B.R. 826, 832 (Bankr.D.Kan. 1994) ("Time spent '. . . familiarizing oneself with general Code provisions or basic law' is not compensable. Attorneys are required to have some minimum level of expertise.") (quoting *In re Seneca Oil*, 65 B.R. 902, 912 (Bankr.W.D.Okla.1986)).

11

| | | | | |
|---|---|---|---|---|
| 12/14/05 | review of emails (4x) from client re: Bregman, mold, Cook cases, status | .40 | $80.00 | Excessive time spent on task |
| 1/26/06 | left message with client re: Caja del Rio property; review of letter re: same. | .2 | $40.00 | Excessive time spent on task |
| 1/13/06 | review of signed order on disclosure statement; review of file, documents re: exhibits, status | .40 | $80.00 | Excessive |
| 1/18/06 | review of order on disclosure statement and conference with Jina Garcia, paralegal re: same (.2); review of certificate of mailing and approve for filing (.2) | .4 | $80.00 | Clerical/ administrative office overhead |
| 1/19/06 | left message for Mr. Potter re: information needed for Monthly Operating Reports | .1 | $8.00 | Clerical/ administrative office overhead |
| 1/23/06 | review of emailed letter, detail for operating reports from client (.3); conference with Diane Miles-Kazimiroff re: same (.2) | .5 | $100.00 | Clerical/ administrative office overhead |
| 1/19/06 | conference with Jina Garcia, paralegal re: objections to Bregman motions (.2); Reviewed and revised same and email to client for approval (.6) | .8 | $160.00 | Clerical/ administrative office overhead |
| 1/23/06 | telephone conferences with Sharon Hankla re: postponing hearing, stay status, options (.4); telephone conference with Chris Wilson re: same (.2); Review of proposed order and approve (.2); email to client, Martin Friedlander re: approval of order and review email approvals (.2) | 1.0 | $200.00 | Excessive[4] |

---

[4]*See also, In re Associated Grocers of Colorado, Inc.,* 137 B.R. 413, 448 (Bankr.D.Colo. 1990) (finding that generally, phone calls to the court clerk to check on the status of an order or to set a hearing could be performed by a secretary and are not chargeable as attorney time).

12

| 1/23/06 | Email to client, Martin Friedlander re: Hankla proposal | .3 | $60.00 | Excessive |
|---|---|---|---|---|
| 1/6/06 | Review of M. Friedlander email to S. Bregman re: hearing, representation, disgorgement; left message with Bregman re: same | .2 | $40.00 | excessive (.3 requested, allowed .1) |
| 1/10/06 | telephone conference with Chris Wilson from Judge's office re: Bregman, removals, final hearings, status | .1 | $20.00 | Excessive (.2 requested, allowed .1) |
| 1/10/06 | review email from James Reist re: signature on pleadings | .1 | $20.00 | Excessive (.2 requested, allowed .1) |
| 1/18/06 | Review of Judge's orders on Martin Friedlander motion to dismiss or to transfer venue, abstention order (.4); Telephone conference with Jim Jurgens re: same (.3); email same to client, Martin Friedlander (.2) Review of email from Martin Friedlander (.2) | 1.1 | $220.00 | Duplicative work |
| 1/20/06 | Preparation of objections to Bregman motions to withdraw (.4); conference with W. Davis, Jina Garcia, paralegal re: same; preparation of letter to client re objections, Martin Friedlander objections, procedure (.3) | .3 | $60.00 | Excessive/Clerical/ administrative office overhead |
| 1/23/06 | conference with Jina Garcia, paralegal re: request of documents from Receivership case; Letter to Clerk re: same | .3 | $60.00 | Clerical/ administrative office overhead |
| 1/31/06 | Review notice of hearing on motion to reconsider (LANB) | .1 | $20.00 | Excessive (.2 requested, .1 allowed) |

Case 05-14071-trc7    Doc 394    Filed 06/04/07    Entered 06/04/07 15:07:32 Page 13 of 19

| | | | | |
|---|---|---|---|---|
| 1/31/06 | conferences with Jina Garcia, paralegal re: status of Santa Fe Engel files; review of file re: same. | .2 | $40.00 | Administrative/ clerical |
| 2/7/06 | conference with Diane Miles-Kazimiroff re: Oct/Dec 05 reports; reviewed and revised same and approved for emailing to client for signature | .5 | $100.00 | Administrative/ clerical |
| 2/22/06 | telephone conference with S. Hankla re: update on stay hearing, possible settlement | .2 | $40.00 | Excessive, duplicates time entries on 2/20 and 2/27 |
| 2/23/06 | review order resulting from scheduling conference on LANB adversary | .2 | $40.00 | Excessive |
| 2/24/06 | review notices of hearing on VNB, Cook motions for remand | .1 | $20.00 | Excessive (.2 requested; allowed .1) |
| 2/27/06 | review of notices of hearing on LANB motion for default | .1 | $20.00 | Excessive (.2 requested; allowed .1) |
| 3/24/06 | review of notice of change of hearing date on disclosure statement | .1 | $20.00 | Excessive time spent on task (.2 requested; allowed .1) |
| 3/31/06 | conference with Jina Garcia, paralegal re: modifications to motions to withdraw; review of same and approve for faxing to opposing attorney(s) | .3 | $60.00 | Clerical/ administrative office overhead |
| 3/3/06 | review of order denying motion to recuse (VNB) | .1 | $20.00 | Excessive (.2 requested, allowed .1) |
| 3/12/06 | review of email from client re: extension | .1 | $20.00 | Excessive (.2 requested; allowed .1) |

14

| | | | | |
|---|---|---|---|---|
| 3/13/06 | review of Martin Friedlander Notice of Entry of Appearance in Engel Adversary | .1 | $20.00 | Excessive (.2 requested; allowed .1) |
| 3/17/06 | travel to Santa Fe for inspection of court records in state court cases; inspection of same | 2.2 | $440.00 | Unnecessary |
| 3/21/06 | conference with Jina Garcia, paralegal re: scanning Engel documents(.2); preparation of disk re: same (.2); Telephone conference with Jim Reist re: status (.2) | .4 | $80.00 | Administrative/ clerical (requested .6, allowed .2) |
| 3/22/06 | scan state court file (Potter v. Engel) prepare disks for US Bankruptcy Court; prepare Certificate of Delivery | 3.0 | $240.00 | Secretarial, non-legal work |
| 3/27/06 | review of Martin Friedlander statements of interested parties | .1 | $20.00 | Excessive (requested .2, allowed .1) |
| 3/30/06 | conference with Jina Garcia, paralegal re: motion to strike Approval of Proof of Claim; reviewed and revised same | .5 | $100.00 | Administrative/office overhead |
| 4/3/06 | conference with W. Davis re: status of case, plan, disclosures, withdrawal | .2 | $40.00 | Office management/ excessive |
| 4/7/06 | conference with W. Davis re: appeals, stay motions, litigation | .5 | $100.00 | Duplicative |
| 4/24/06 | review of email from client re: picking up Bregman files; conference with Jina Garcia, paralegal re: same, preparation of receipt; Conference with Jina Garcia, paralegal re: meeting with client, response | .2 | $40.00 | Administrative/office overhead |
| 4/27/06 | conference with W. Davis re: employment, withdrawal, motions, objections, status | .50 | $100.00 | Office management/ administrative work |

15

| 4/6/06 | scan state court pleadings and prepare disk for court; prepare certificate of delivery of state court documents in Valley National Bank lawsuit | 2.00 | $160.00 | Secretarial, non-legal work |
|--------|------------------------------------------------------------------------------------------------------------------------------------------------|------|---------|------------------------------|
| 4/6/06 | conference with Jina Garcia, paralegal re: disks, state court file and approve certificate for filing (VNB) | .2 | $40.00 | Administrative/office overhead |
| 4/24/06 | conference w/ W. Davis re: Friedlander, appeals, approval of proof of claim, status | .5 | $100.00 | office administrative work |
| 5/5/06 | review of exhibits, plan, disclosure statement and approve for filing | .5 | $100.00 | Work performed after filed motion seeking to withdraw as counsel for debtor (*see discussion, infra.*) |
| 5//8/06 | telephone conference with Grey Handy re: approval, change to disclosure statement; reviewed and revised first amended disclosure statement and approve for filing | .3 | $60.00 | Work performed after filed motion seeking to withdraw as counsel for debtor (*see discussion, infra.*) |
| 5/10/06 | telephone conference with Chris Wilson re: hearing on fee app; Reviewed and revised notice of hearing and approve for filing | .2 | $40.00 | Clerical |

TOTAL DISALLOWED:      $4,928.00

Davis & Pierce filed its Motion to Withdraw as Counsel for the Debtor on April 5, 2006.

(Docket # 161).  The Motion to Withdraw as Counsel for the Debtor was granted on May 22,

2006.  (Docket # 190).   After Davis & Pierce knew that it sought to withdraw its representation

of the Debtor, it should have limited its work in connection with this bankruptcy proceeding to

16

matters that required action or response. Accordingly, with regard to the billing statement dated

May 18, 2006 relating to "Litigation/Adversary Proceedings" the Court will allow only the

following amounts, and disallow the remainder of fees requested on that statement:

| Date | Work Description | Time | Amount Allowed |
|------|------------------|------|----------------|
| 5/5/06 | review of Potter's motion to withdraw motion to strike and motion for sanctions | .2 | $40.00 |
| 5/5/06 | review of Martin Friedlander's second supplement to Potter's motion to withdraw motion to strike and motion for sanctions re: Jurgens email accusations | .2 | $40.00 |
| 5/10/06 | prepare statement of interested parties in BAP no. NM-06-043 (Danilovic) | .5 | $40.00 |
| 5/10/06 | review of emails (2x) from Martin Friedlander re: various allegations and demands | .2 | $40.00 |
| 5/10/06 | Review of notice of change of hearing date on Martin Friedlander order to show cause | .1 | $20.00 |
| 5/16/06 | court appearance for hearing on Martin Friedlander Order to Show Cause | .4 | $80.00 |

Total requested on Invoice dated 5/18/06
relating to litigation/adversary proceedings:    $780.00

TOTAL ALLOWED:    $260.00

Total disallowed =    $520.00

The sum of the total disallowed portion of fees outlined above for all invoices is $5,448.00.

($4,928.00 + 520.00 = $5,448.00). The total allowed fees and expenses for the periods from

17

May 25, 2005 through March 31, 2006 and from April 1, 2006 through May 18, 2006 are summarized as follows:

| | | |
|---|---|---|
| Allowed Attorney and Paralegal fees: | $ 58,807.50 | ($56,507.50 + $7,788.00) - ($5,448.00 total disallowed) |
| Expenses (5/25/05 - 3/31/06) | $ 2,700.00 | |
| Expenses (4/30/06 - 5/18/06) | $ 1,327.82 | |
| NM Gross Receipts Taxes: | $ 3,901.01 | ($58,807.50 X 6.75%) |
| TOTAL: | $ 66,736.33 | ($10,914.40) (payments received) |
| **TOTAL BALANCE:** | $ 55,821.93 | |

WHEREFORE, IT IS HEREBY ORDERED that the Fee Application is GRANTED, in part, and DENIED, in part. Fees in the amount of $5,448.00 are disallowed. Total fees and expenses, plus applicable New Mexico gross receipts taxes, in the amount of $66,736.33 are allowed as an administrative expense under 11 U.S.C. § 503(b), subject to any allowed claim under that section incurred after conversion of the bankruptcy proceeding to Chapter 7. 11 U.S.C. § 726(b). After application of the payments received by counsel for the Debtor, the remaining allowed balance is $55,821.93.

MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Daniel J Behles
Attorney for Debtor
226-A Cynthia Loop NW

18

Albuquerque, NM 87114-1100

William F Davis
Former Attorney for Debtor
PO Box 6
Albuquerque, NM 87103-0006

Martin S. Friedlander
Creditor
10350 Wilshire Blvd., Ste. 603
Los Angeles, CA 90024

Robert H Jacobvitz
Attorney for Chapter 7 Trustee
500 Marquette NW Ste 650
Albuquerque, NM 87102-5309

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103