UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JEFFERY W. POTTER,    No. 7-05-14071 MS

   Debtor.

**ORDER DENYING APPLICATION FOR TEMPORARY
RESTRAINING ORDER; APPLICATION FOR ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION; and MOTION TO RECUSE JUDGE McFEELEY
FROM DECIDING THAT MOTION (DOCKET # 510)**

THIS MATTER is before the Court on Creditor Martin S. Friedlander's Opposed Notice of Application and Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction; And Motion to Recuse Judge McFeeley from Deciding that Motion as Said Judge has and Irreconcilable Conflict of Interest ("Motion") (Docket # 510). Martin S. Friedlander has also filed an Opposed Motion to Dismiss Chapter 7 Bankruptcy of Debtor Jeffery W. Potter Pursuant to Bankruptcy Code § 707; and Motion for Writ of Mandamus Commanding this Court to Order the US Trustee and the Case Trustee to Refer the Alleged Criminal Activities of Bregman, Davis and Pierce to the US Attorney as Required by 18 USC § 3057 ("Motion to Dismiss and for Writ of Mandamus")(Docket # 508), which Mr. Friedlander references in the Motion.

The Motion seeks to enjoin all parties and any or all other persons acting in concert with, or on behalf of any party from further prosecuting any adversary proceedings, filing new adversary proceedings, prosecuting any motions in the bankruptcy proceeding or any associated adversary proceeding, conducting any hearings, proceedings, or discovery, prosecuting any objections to discharge, or seeking any orders to inspect or repair the premises located at 53 La Vista in Santa Fe, New Mexico. The Motion also seeks to "take off calendar" the pending Order

1

to Show Cause for Contempt now set for October 19, 2007, to reinstate Martin S. Friedlander's status as pro hac vice attorney for the Debtor and as pro se attorney for himself as successor trustee to the Legal Defense and Maintenance Trust of California ("California Trust"), to recuse the currently assigned judge from conducting any judicial proceedings in the bankruptcy and/or related adversaries, and to refer the case to a United States District Judge, "preferably in the District of Arizona where the Debtor now resides." *See* Motion, ¶¶ 1-10. The Motion includes a "Declaration of Martin S. Friedlander" averring that the facts in the Motion are true and correct and based on his personal knowledge.

At its core, the Motion seeks an immediate stay of the bankruptcy proceeding and all related adversary proceedings and requests that a different judge decide the Motion. The Motion fails both procedurally and substantively and will be denied.

DISCUSSION

<u>The Motion is procedurally defective and substantively deficient.</u>

Rule 65(b), Fed.R.Civ.P. sets forth the procedure for obtaining a temporary restraining order. It is made applicable to adversary proceedings by Rule 7065, Fed.R.Bankr.P.[1] However, because a request for temporary restraining order is a request for injunctive relief, such request can only be initiated through an adversary proceeding. Rule 7001(7), Fed.R.Bankr.P. (defining adversary proceedings as "a proceeding to obtain an injunction or other equitable relief"). *See*

---

[1] Rule 7065, Fed.R.Bankr.P. provides:
> Rule 65 F.R.Civ.P. applies to adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).

Rule 7065, Fed.R.Bankr.P.

2

*also, In re Smith and Son Septic and Sanitation,* 88 B.R. 375, 381 n. 6 (Bankr.D.Utah 1988)(citing *In re Sun Belt Elec. Constructors, Inc.*, 56 B.R. 686 (Bankr.N.D.Ga.1986) which found that a motion to enforce a contract that included a request for injunctive or equitable relief must be brought by adversary proceeding)); *In re Irby,* 321 B.R. 468, 470 (Bankr.N.D.Ohio 2005) (noting that the debtor's request for injunctive relief and punitive damages squarely fell within the types of actions requiring commencement of adversary proceeding, and dismissing motion without prejudice). The Motion is, therefore, procedurally deficient.

Further, even if it were possible to stay the bankruptcy proceeding and all pending adversary proceedings and enjoin the filing of any new adversary proceedings by obtaining a temporary restraining order or preliminary injunction by motion, the Motion fails to articulate specific facts that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition" as required under Rule 65(b), Fed.R.Civ.P.[2] Mr. Friedlander states that an immediate temporary restraining order is needed to protect him from "abusive and improper contempt and sanction activities as well as to protect the person of Jeffery W. Potter and the California Trust's property interests from

---

[2] Rule 65(b), Fed.R.Civ.P. provides, in relevant part:
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that the notice should not be required.

Rule 65(b), Fed.R.Civ.P.

immediate and irreparable harm." *See* Motion, p. 4. These statements are insufficient to grant the Motion. Mr. Friedlander will be afforded an opportunity to show cause why a contempt order should not issue at the hearing scheduled for October 19, 2007. The Motion otherwise fails to allege a particularized immediate injury or harm that will result absent the issuance of a temporary restraining order. There are no pending motions to sell the property that Mr. Friedlander alleges is not part of the bankruptcy estate; the matters set for October 1, 2007 are preliminary hearings on motions filed by Mr. Friedlander and status conferences in two of the related adversary proceedings. Consequently, it is not appropriate to grant the extraordinary relief of a temporary restraining order. Furthermore, Mr. Friedlander has no authority to plead on behalf of the Debtor or the California Trust.[3]

The Motion asserts that "good cause" exists to grant the Motion because there is no legitimate bankruptcy proceeding, that Debtor's former attorneys are responsible for filing false statements and schedules, that all assets were properly transferred to the California Trust, and that the purpose of the bankruptcy filing was to cover up alleged attorney malpractice committed in state court actions. These arguments are not new and have been raised several times by Mr.

---

[3]*See* Order Denying Martin S. Friedlander's Motion to Be Admitted Pro Hac Vice in this Chapter 7 Proceeding and All Adversary Proceedings Now Pending in this Court Appended to this Chapter 7 for the Purpose of Representing Jeffery W. Potter, Debtor, Summit Investment Co., LLC, Mariana Danilovic Former Trustee of the California Trust, Martin S. Friedlander as Successor Trustee of the California Trust and All Defendants and Plaintiffs who Seek my Representation in this Entire Bankruptcy Proceeding (Case No. 05-14071, Docket # 451); and Order on Los Alamos National Bank's Motion to Strike Martin S. Friedlander's Notices of Substitution and of Appearance as Attorney Pro Se and Pro Hac Vice (Docs. 73 and 97), To Revoke or Modify Order Admitting Martin S. Friedlander Pro Hac Vice (Doc. 18) and for Sanctions, which determined that Martin S. Friedlander may not appear pro hac vice on behalf of the California Trust (Adv. Proc. 05-1149 M, Docket #144).

4

Friedlander, including at the final hearing on the Motion to Dismiss or Convert.[4] They do not serve as sufficient grounds for an immediate stay of the bankruptcy proceeding and pending adversary proceedings. These alleged injustices occurred when the petition was filed, and while they may be ongoing, the Motion fails to explain how they will now, nearly two and one-half years later, result in immediate and irreparable harm if the entire bankruptcy proceeding and related adversary proceedings are not immediately stayed.

<u>It is not inappropriate for this Court to rule on the Motion</u>

Mr. Friedlander requests that a judge other than the undersigned hear the Motion and seeks to recuse the undersigned judge from conducting any further judicial proceedings in this bankruptcy proceeding and/or any adversary proceedings. The Motion references a motion for stay pending appeal and a motion to recuse filed in Adversary Proceeding No. 05-1149, Los Alamos National Bank v. Jeffery Potter, et al. (*See* Adv. No. 05-1149 M - Docket # 150)[5] and

---

[4] Mr. Friedlander appealed the Order Granting Motion to Convert Case to Chapter 7, and requested a stay pending appeal, which was denied. (*See* Docket #239 and Docket # 248). Following Mr. Friedlander's request to dismiss the appeal, the Bankruptcy Appellate Panel dismissed Mr. Friedlander from the appeal, but directed the Debtor to file an opening brief and appendix within ten days, or the appeal would be dismissed. (*See* Docket # 391). Debtor did not file an opening brief and appendix as directed by the Bankruptcy Appellate Panel, and the appeal of the Order Granting Motion to Convert Case to Chapter 7 was dismissed. (*See* Docket #423).

[5] The Court will address the arguments raised in Martin S. Friedlander's Motion for Immediate Stay Pending Appeal, and to Recuse this Trial Court from Deciding this Motion and All Other Post Trial Motions Filed and to Be Filed by Friedlander ("Motion for Recusal"), filed in Adversary Proceeding No. 05-1149 M by separate order to be entered in that adversary proceeding. To the extent the instant Motion asserts that 28 U.S.C. § 144 requires referral of the Motion to a District Court judge for determination, the Court notes that 28 U.S.C. § 144 has been held inapplicable to bankruptcy court. *See In the Matter of Celotex Corp.,* 137 B.R. 868, 874 (Bankr.M.D.Fla. 1992) ("Title 28 U.S.C. § 144 does not apply to the bankruptcy court."). *See also, Sylver v. Sec. Pac. Fin. Services., Inc. (In re Sylver),* 214 B.R. 422, 426 n.5 (1st Cir. BAP 1997)(per curiam)(noting that "[t]here is significant case law that 28 U.S.C. § 144 is inapplicable to bankruptcy judges.")(citations omitted)). And in any event, 28 U.S.C. § 144 does not require

states that Ms. Kate C. Fishman, the Court's former law clerk[6], is registered as an officer of El Llano Company.[7] Mr. Friedlander argues that, as an officer of El Llano Company, Ms. Fishman is a party to this bankruptcy proceeding, creating a conflict requiring recusal. Regardless of whether an individual's service as an officer of a corporation renders that individual a party to any proceeding involving that corporation, recusal is not automatically required even when one of the named parties served as a former law clerk of the presiding judge. *See Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir. 2003) (affirming district court's order denying motion to recuse even though plaintiff served as law clerk to presiding judge eight years prior to the filing of the lawsuit). Ms. Fishman has not appeared before this Court in connection with this bankruptcy proceeding, or any of the related adversary proceedings, and there is no indication that she will act as the representative of El Llano Company in connection with the bankruptcy or any related adversary proceeding. Nor has there been any showing that any of the decisions rendered by this Court have been predicated on any favoritism or bias toward Ms. Fishman or El Llano Company.[8]

---

referral of a request for recusal to a judge other than the presiding judge for initial determination. *See United States v. Ritter,* 540 F.2d 459, 461-462 (10th Cir. 1976)(per curiam) (noting that, under 28 U.S.C. § 144, "[t]he filing of the affidavit does not bring about the disqualification. The trial court determines its sufficiency.").

[6]Ms. Fishman completed her term law clerk position with this Court in August, 1998.

[7]El Llano Company is a creditor listed in the Debtor's bankruptcy schedules, and was a named Plaintiff in Adversary Proceeding No. 06-1138 M, which was remanded to the First Judicial District Court, State of New Mexico, County of Rio Arriba, and subsequently closed. (*See* Adv. Proc. No. 06-1138 M Docket # 42). El Llano Company is also one of the Plaintiffs in Adversary Proceeding No. 07-1118 M, and is a Third-Party Defendant in Adversary Proceeding No. 06-1216M.

[8]Attached as Exhibit 1 to the Motion for Recusal filed by Mr. Friedlander in Adversary Proceeding No. 05-1149 M (Docket # 150) is a copy of a "(Proposed) Appellant's 'Amended'

6

Generally, recusal requires a showing of extra-judicial bias.[9] *See In re Bennett,* 283 B.R. 308, 322 (10th Cir. BAP 2002)(stating that 28 U.S.C. § 455(a), the statute governing recusal for bankruptcy judges, "is subject to an 'extrajudicial source factor'")(quoting *Liteky v. United States,* 510 U.S. 540, 545, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)); *American Ready Mix,* 14 F.3d at 1501 ("an allegation of personal bias must be based on an 'extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'")(quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)). Adverse rulings alone are insufficient grounds for recusal. *American Ready Mix,* 14 F.3d at 1501. No outside source of judicial bias has been shown, nor

---

Opening Brief" which asserts, among other things, that the Court's remand of Adversary Proceeding No. 06-1138 M without deciding whether Richard Cook had standing to file the law suit or to request remand is evidence of improper bias requiring recusal. The Court remanded Adversary Proceeding No. 06-1138 M based on a finding that the proceeding was non-core, so that mandatory abstention applied. (*See* Adversary Proceeding No. 06-1138 M - Docket # 41). Because remand can be determined by the Court *sua sponte,* it was not necessary for the Court to consider standing. *Id.* Moreover, Mr. Friedlander's standing argument was raised not only with regard to the motion for remand, but was primarily aimed at undermining the basis for the entire lawsuit, which was initiated in state court. Remand does not prevent Mr. Friedlander from asserting his standing argument with regard to the filing of the law suit in state court. Therefore, Mr. Friedlander's argument that by failing to consider standing, the Court exhibited improper bias is logically difficult to follow and attenuated at best. A reasonable person, with knowledge of these facts, would not "'harbor doubts about the judge's impartiality.'" *See Lopez v. Behles (In re American Ready Mix, Inc.),* 14 F.3d 1497, 1501 (10th Cir. 1994) (quoting *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir.1987)). "'[U]nsupported, irrational, or highly tenuous speculation'" should not serve as a basis for recusal. *Id.*

[9]*See Liteky v. United States,* 510 U.S. 540, 551, 553, and 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (remarking that "[i]t is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that 'extrajudicial source' is the *only* basis for establishing disqualifying bias or prejudice. It is the only *common* basis, but not the exclusive one, since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate[ ]" but ultimately concluding that 28 U.S.C. § 455(a) and (b) are both subject to an "extrajudicial source factor")(emphasis in original).

7

has there been a showing that any decisions rendered by this Court were based on information other than what was presented to the Court for consideration in connection with this proceeding and/or the related adversary proceedings. Nor has there been any evidence presented of a pervasive, negative, personal bias toward any of the parties in this proceeding that would "display clear inability to render fair judgment." *Liteky,* 510 U.S. at 551. Recusal is, therefore, not warranted.

The further allegations in the Motion that Mr. Friedlander and the Debtor have been unfairly victimized by the failure of the United States Trustee and the Case Trustee to refer the Debtor's former attorneys to the United States Attorney for investigation and prosecution[10] and that the political and power structure in New Mexico makes Mr. Friedlander doubtful that he will obtain a fair trial in New Mexico likewise fail to show either that recusal is required or that a temporary restraining order should issue. Again, such allegations fail to show that this Court has is not impartial or has rendered decisions based on an extra-judicial source of bias, or that immediate harm will result if the United States Trustee or the case trustee fails to make a criminal referral.

---

[10]By separate motion, Mr. Friedlander has requested the Court to issue a writ of mandamus to order the United States Trustee and the case trustee to refer the alleged criminal activities of Debtor's former counsel to the United States Attorney. (*See* Docket # 508). Those arguments will be addressed by separate order. But the Court notes generally that "[m]andamus 'is a drastic [remedy], to be invoked only in extraordinary situations,' and will issue only in those exceptional circumstances where the inferior court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a judicial usurpation of power." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 387 (10th Cir.1990) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34-35, 101 S.Ct. 188, 189-90, 66 L.Ed.2d 193 (1980)).

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Jeffery Watson Potter
4815 E. Carefree Hwy #108-504
Cave Creek, AZ 85331

Martin S. Friedlander
10350 Wilshire Blvd Ste 603
Los Angeles, CA 90024-4717

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

Yvette Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037

9