**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re: JEFFERY W. POTTER,  No. 7-05-14071 MS

Debtor.

## ORDER GRANTING APPLICATION BY TRUSTEE TO APPROVE EMPLOYMENT OF GENERAL COUNSEL, LAW OFFICE OF GEORGE "DAVE" GIDDENS, P.C. PURSUANT TO § 327

THIS MATTER is before the Court on the Application by Trustee to Approve Employment of General Counsel, Law Office of George "Dave" Giddens, P.C. Pursuant to § 327 ("Application to Employ")(Docket # 413). Creditor Martin S. Friedlander objected to the Application to Employ (*See* Docket #418), asserting that employment of general counsel by the Trustee will unnecessarily deplete estate assets.[1] Mr. Friedlander also objects to the inclusion of the proposed indemnification provision as part of the terms of employment.

The Application to Employ was filed on June 22, 2007, and since that time, Mr. Giddens has filed certain documents on behalf of the Chapter 7 Trustee even though the Application to Employ has yet to be approved. At the final hearing on the Application to Employ, Mr. Friedlander argued that in the event the Court approves the employment of the Law Office of George "Dave" Giddens, P.C., such approval should not be effective retroactively to the date of the filing of the Application to Employ. Upon review of the Application to Employ, the Court

---

[1] The objection also takes the position argued by Mr. Friedlander throughout this proceeding that because the Debtor's assets were transferred to the Legal Defense and Maintenance Trust of California ("California Trust") before the filing of the bankruptcy petition, and because the adversary proceeding which sought to recover the assets from the California Trust was voluntarily dismissed by the Debtor before the filing of an answer, there are few, if any, assets of the bankruptcy estate. From this position, Mr. Friedlander asserts that the employment of Law Office of George "Dave" Giddens, P.C. is premature, since there has been no determination that the transfer of the assets to the California Trust is voidable.

finds that the Application to Employ should be approved. In reaching this determination the Court FINDS:

1. Employment of professionals by a chapter 7 trustee is governed by 11 U.S.C. § 327(a), which provides, in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

2. The Law Office of George "Dave" Giddens, P.C. is disinterested. *See* Affidavit of George "Dave" Giddens, Proposed Counsel (Docket # 416). Mr. Friedlander does not contest the disinterestedness of The Law Office of George "Dave" Giddens, P.C.

3. In accordance with 11 U.S.C. § 328(a), the Chapter 7 Trustee, may, with court approval, "employ . . . a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment . . ." 11 U.S.C. § 328(a).

4. A copy of the engagement letter is attached to the Application to Employ as Exhibit 1. It includes an indemnification provision, which provides:

> <u>Reimbursement and Indemnity of Defense Attorney Fees and Costs</u>. The estate shall reimburse, indemnify, and hold the Firm harmless from and against all attorney fees and costs (whether for work performed by the Firm, to be compensated as set forth in paragraph 3, or incurred by the Firm to a third party law firm) incurred in defending against any actions brought against the Firm by any third party in connection with the Firm's performance of its work set forth above, including appeals, if the Firm is the substantially prevailing party in such action(s).

Application to Employ, Exhibit 1, ¶ 5.

5. The Court previously approved the employment of Jacobvitz, Thuma & Walker, P.C.

by the Chapter 7 Trustee as special counsel in connection with this bankruptcy proceeding. (*See* Docket # 350). The terms of that employment include an indemnification provision that is nearly identical to the provision proposed here. (*See* Docket #284, Exhibit A).

    5. Indemnification provisions included as a condition of employment of a professional by a trustee are not *per se* prohibited. *See In re Gillet Holdings, Inc.,* 137 B.R. 452, 458 (Bankr.D.Colo. 1991)(refusing to hold that indemnity provisions contained in the terms of debtor-in-possession's proposed employment of investment bankers are *per se* "either unacceptable or unnecessary" but concluding that the indemnification provision at issue was unacceptable); *In re Metricom, Inc.,* 275 B.R. 364, 371 (Bankr.N.D.Cal. 2002) (noting "that there is no statutory or binding bankruptcy case law basis upon which to establish a per se rule against such [indemnification] protections for professionals in bankruptcy cases" but agreeing, as a general proposition, that indemnity provisions are inconsistent with fundamental bankruptcy policy); *In re Joan and David Halpern, Inc.,* 248 B.R. 43, 45 (Bankr.S.D.N.Y. 2000), *aff'd,* 2000 WL 1800690 (S.D.N.Y. 2000) (noting that "[t]he Bankruptcy Code does not expressly permit or forbid an agreement to indemnify the investment banker."). But, whether an indemnification provision is "reasonable" within the meaning of 11 U.S.C. § 328 depends upon the given circumstances present in a case and such determination must be made on a case-by-case basis. *Metricom,* 275 B.R. at 371. *See also, In re Thermadyne Holdings, Corp.,* 283 B.R. 749, 756 (8th Cir. BAP 2002) (court must be persuaded that the terms and conditions of employment, including any indemnification provision, are reasonable under the circumstances and in the best interests of the estate, and such determination can only be determined on a case by case basis)(citation omitted).

3

6.  The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.  *See Gillett Holdings,* 137 B.R. at 455 (noting that "'[t]he burden of proof to establish that proposed terms and conditions of employment are reasonable is on the moving party. The Court must be persuaded that the terms and conditions are in the interest of the estate.'")(quoting *In re C & P Auto Transport, Inc.*, 94 B.R. 682, 686 (Bankr.E.D.Cal.1988)(remaining citation omitted)).

6.  In this instance, the indemnification provision is limited in that it only applies to proceedings brought by third parties, and only if The Law Firm of George "Dave" Giddens, P.C. is the substantially prevailing party in any such litigation brought by third parties.  Given the history of this proceeding, including the approval of the employment application of Jacobvitz, Thuma, and Walker, P.C. with a similar provision, the Court finds that the proposed terms of employment for The Law Firm of George "Dave" Giddens, P.C. are not unreasonable and are in the best interest of the estate.  However, to the extent the indemnification provision, because it is contractual, does not make clear that all fees incurred in defending a third party action remain subject to review and approval by the Court in accordance with the reasonableness standards contained in 11 U.S.C. § 330, the provision should be modified, to include the following language:

> All fees and costs of The Law Office of George "Dave" Giddens, P.C. charged for services rendered on behalf of the Chapter 7 Trustee in connection with the bankruptcy proceeding and/or related adversary proceedings, including any fees and/or costs that might fall within the indemnification provision, and are subject to all the restrictions of 11 U.S.C. § 330.

7.  The Application to Employ requests that the "employment be retroactive to the date of the filing of this Application."  Application to Employ, ¶ 11 (Docket # 413).   It is not

4

inappropriate to approve the employment effective as of the date of the filing of the Application to Employ. *See In re Bartmann,* 320 B.R. 725, 735 n.8 (Bankr.N.D.Okla. 2004) (noting that, "[g]enerally, approval of employment of professionals is granted as of the date the application was filed, rather than the date the professional first rendered services to the debtor . . .")(citation omitted).

WHEREFORE, IT IS HEREBY ORDERED, that the Application to Employ is GRANTED, effective as of June 22, 2007, subject to the inclusion of the language clarifying that all fees and thereunder, including any fees and/or costs that may fall within the indemnification provision, are subject to all the restrictions of 11 U.S.C. § 330.

/s/ Mark B. McFeeley
_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Jeffery Watson Potter
4815 E. Carefree Hwy #108-504
Cave Creek, AZ 85331

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

George D Giddens, Jr
Counsel for Chapter 7 Trustee
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111-1229

Martin S. Friedlander
10350 Wilshire Blvd Ste 603
Los Angeles, CA 90024-4717

Yvette J. Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037