# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   JEFFERY W. POTTER,                    No. 7-05-14071 MS

　　　　Debtor.

## ORDER DENYING MARTIN S. FRIEDLANDER'S MOTION TO COMPEL ABANDONMENT OF ASSETS (DOCKET #453)

THIS MATTER is before the Court on the Motion of Martin S. Friedlander in his Pro Se Capacity as Secured Creditor and Third Party Beneficiary of the Legal Defense and Maintenance Trust of California ("California Trust") to: 1) Request the Court to Declare that None of the Assets Standing in the Name of Said Trust are Part of the Potter Chapter 7 Estate[1] and/or 2) to Compel the Trustee to Abandon the Property of Potter and the Limited Liability Company Assets Transferred to the Estate by the California Trust or as the Case May Be, of the California Trust's Assets Standing in the Name of the California Trust (Bankruptcy Code § § 541 and 554(b) ("Motion to Compel Abandonment").   At the final hearing on the Motion to Compel Abandonment, the Chapter 7 Trustee agreed to abandon the estate's interest, if any, in and to what the parties reference as the "Gallisteo proceeds."

In accordance with the Court's ruling on the Motion to Compel Abandonment,

IT IS HEREBY ORDERED that the Motion to Compel Abandonment is DENIED.

ORDERED FURTHER, that, with regard to the alleged legal malpractice claims against

---

[1] The Chapter 7 Trustee has filed an adversary proceeding which seeks to avoid certain transfers of assets to the California Trust and recover such assets into the bankruptcy estate. *See* Adversary Proceeding No. 07-1062 M.  The adversary proceeding remains pending.  A request by motion filed in the bankruptcy proceeding to determine that the assets in the California Trust are not property of the bankruptcy estate is an inappropriate attempt to obtain a declaratory judgment in contravention of the pending adversary proceeding.

1

Sam Bregman, and O'Reilly & Doherty, the Chapter 7 Trustee must, within ninety days of the date of entry of this order, either commence a lawsuit or file a motion with the Court to approve compromise of such claim(s), or submit an order abandoning the claim(s) to the extent such claim(s) are the claim(s) of the Debtor, Jeffery W. Potter. To the extent the claim(s) belong to a related entity other than the Debtor, individually, the Chapter 7 Trustee shall not be compelled to abandon those claim(s).

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Jeffery Watson Potter
PO Box 8280
Santa Fe, NM 87504-8280

Martin S. Friedlander
10350 Wilshire Blvd Ste 603
Los Angeles, CA 90024-4717

Office of the United States Trustee
Alice Nystel Page
PO Box 608
Albuquerque, NM 87103-0608

Clifford C Gramer, Jr
Attorney for La Vista Homeowners' Association
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

James T Reist
Attorney for Robert Engel and Engel and Stern, LLP
2201 San Pedro NE, Bldg #2, Ste 207
Albuquerque, NM 87110-4129

2

George Dave Giddens
Attorney for Chapter 7 Trustee
10400 Academy NE, Suite 350
Albuquerque, NM 87111

Yvette Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037

Lorraine Hollingsworth
Pete V. Domenici, Jr.
Attorneys for Chris Pierce and Davis & Pierce
320 Gold Ave SW, Suite 1000
Albuquerque, NM 87102

3