# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JEFFERY W. POTTER,            No. 7-05-14071 MS

Debtor.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Bank of America, N.A.'s Renewed Motion for Relief from the Automatic Stay ("Bank of America Stay Motion" - Docket # 381)[1] and on the Motion for Relief from the Automatic Stay by La Vista Homeowner's Association ("LVHA Stay Motion" - Docket # 592). Bank of America, N.A. ("Bank of America") is represented by William R. Keleher, and La Vista Homeowner's Association ("LVHA") is represented by Clifford C. Gramer. Yvette J. Gonzales, the Chapter 7 Trustee, by and through her attorney George "Dave" Giddens; Jeffery W. Potter, *pro se*; and Martin F. Friedlander, *pro se* each objected to the Bank of America Stay Motion (*See* Docket #399, #397 and $398). LVHA filed a response to the Bank of America Stay Motion, joining in the motion (Docket # 396), and Mr. Friedlander filed a response to LVHA's joinder (Docket # 407). The Chapter 7 Trustee and Mr. Friedlander filed objections to the LVHA Stay Motion (*See* Docket # 626 and #616). Mr. Friedlander also filed a supplemental objection to the Bank of America Stay Motion (Docket # 652), asserting, among other things, that Bank of America is not the holder of one of the notes and mortgages it seeks to foreclose.

Bank of America and LVHA request relief from the automatic stay for the purpose of

---

[1] The Bank of America Stay Motion included a request for reformation of its mortgages to cover Tracts 10, and 11, and 12. *See* Docket # 381, ¶ 12. That portion of the Bank of America Stay Motion has been withdrawn. *See* Docket # 639.

1

foreclosing their interests in certain real property commonly referred to as 53 La Vista, Santa Fe, New Mexico.  The Court held a final evidentiary hearing on the Bank of America Stay Motion and the LVHA Stay Motion on March 10, 2008 and took the matters under advisement.  After consideration of the testimony and evidence presented at the final hearing, and being otherwise sufficiently informed, the Court finds that cause exists to lift the automatic stay in accordance with 11 U.S.C. § 362(d) and in connection therewith FINDS:

1.  Jeffery W. Potter (Mr. Potter or Debtor) filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 19, 2005.

2.  Bank of America filed its first motion for relief from the automatic stay on September 29, 2005.  (*See* Docket # 54).

3.  On March 13, 2006, the Court entered an order denying Bank of America's request for relief from the automatic stay without prejudice.  (*See* Order Denying Bank of America's Motion for Relief from Stay Without Prejudice to Renewing its Request for Relief After a Period of Six Months ("First Stay Order" - Docket # 148).

4.  The First Stay Order determined, among other things, that the Debtor's outstanding debt to Bank of America was $1,298,170.78 as of the petition date. *See* First Stay Order, ¶ 6.

5.  Mr. Potter executed two notes in favor of Bank of America: one dated December 21, 2001 in the amount of $928,000.00 ("First Note"), and another note dated December 21, 2001 in the amount of $200,000.00 ("Balloon Note").

6.  The First Note is secured by a mortgage executed by Mr. Potter dated December 21, 2001 ("First Mortgage").

7.  The Balloon Note is secured by a mortgage executed by Mr. Potter dated December

21, 2001 ("Second Mortgage").

8. The First Note includes an endorsement which was left in blank. *See* Exhibit 1.

9. The copy of the First Note attached to the Proof of Claim filed by Bank of America did not include the endorsement. *See* Claim # 6.

10. The First Mortgage was subject to a Pooling and Servicing Agreement with the Bank of New York. *See* Exhibit 6.

11. In connection therewith, Bank of America executed an Assignment of Security Instrument dated February 11, 2002. The Assignment of Security Instrument was never recorded.

12. Bank of America gave notice of its intent to terminate the Pooling and Servicing Agreement with the Bank of New York by letter dated June 24, 2004, and requested the return of documentation relating to the First Note and First Mortgage. *See* Exhibits 6 and 7.

13. Bank of America has in its possession the original Assignment of Security Instrument, the original First Note, and the original First Mortgage.

14. Bank of America is the holder of the First Note, the Balloon Note, the First Mortgage and the Second Mortgage.

15. No payments have been made on the First Note or the Balloon Note post-petition. *See* First Stay Order, ¶ 7.

16. The First Mortgage and the Second Mortgage relate to certain real property commonly known as 53 La Vista, Santa Fe, New Mexico ("Property").

17. The Property is comprised of three tracts: Tract 10, Tract 11, and Tract 12. The improvements, consisting of a home, studio garage and guesthouse are all situated on Lot 12. *y.*

3

18. The First Mortgage and the Second Mortgage encumber only Tract 12.

19. All parties argue that the Property is subject to a Declaration of Easements and Restrictions and Covenants for Tracts 10, 11, and 12 in La Vista Subdivision which provides that legal title to Tracts 10 and 11 shall never be conveyed or owned separately from legal title to Tract 12.

20. Prior to the filing of the bankruptcy, Debtor purported to transfer the Property by quitclaim deed to Mariana Danilovic, as Trustee of the Legal Defense and Maintenance Trust of California ("California Trust"). *See* Exhibit 14 - Title Report, which includes a copy of a Quitclaim Deed dated September 15, 2003 from Jeffery Potter to Mariana Danilovic, as Trustee of the California Trust.

21. LVHA filed a Claim of Lien against the Property based on unpaid homeowner's fees and assessments in the amount of $1,800.00 as of January 31, 2003, plus interest thereafter at the rate of 6% per annum for the month of February 2003, and 18% per annum commencing March 1, 2003, plus attorneys' fees and further assessment amounts as may thereafter be accrued. *See* Docket 14 - Title Report. LVHA's Claim of Lien was filed against Tracts 10, 11, and 12. *Id.* As of January 15, 2008, LVHA claims outstanding assessments, plus interest and attorneys' fees in the amount of $68,454.16. *See* Exhibit 15.

22. No payments of homeowners' association fees and/or assessments have been paid post-petition. *See* First Stay Order, ¶ 13.

23. LVHA requested relief from the automatic stay with respect to Tracts 10, 11, and 12.

24. Pre-petition, Bank of America initiated a proceeding in the First Judicial District

4

Court, State of New Mexico, County of Santa Fe as Case No. D-101-CV-200400254 ("State Court Action") to foreclose the Second Mortgage. *See* Exhibit 14 - Notice of Lis Pendens.

25. The Bank of America Stay Motion does not request relief from the automatic stay for the purpose of resuming the State Court Action. Rather, the Bank of America Stay Motion requests relief from the automatic stay to allow it to foreclose its interest in the First Mortgage and the Second Mortgage. *See* Docket # 381.

26. The Debtor's bankruptcy case was converted from Chapter 11 to Chapter 7 on November 17, 2006. *See* Docket # 228.

27. Yvette J. Gonzales was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate. *See* Docket # 230.

28. The Chapter 7 Trustee initiated an adversary proceeding seeking to avoid the transfer of the Property to the California Trust as a fraudulent transfer, and to recover the Property for the benefit of the bankruptcy estate. *See* Adversary Proceeding No. 07-1062 M ("Fraudulent Transfer Action").

29. The Property has been damaged as a result of leaks in the roof and by mold.

30. Jane Trusty, a residential certified appraiser in the State of New Mexico, completed an appraisal of the Property. The appraisal completed by Ms. Trusty reports that the market value of the Property (comprised of Lots 10, 11 and 12 and all improvements in their existing condition) as of July 9, 2007 is $590,000.00. *See* Exhibit 13.

31. Carol Hawkins, a licensed real estate broker, estimated that the value of the Property is $550,000.00 for all three tracts, assuming no house on the Property. If Tracts 10, 11, and 12 could be sold separately, Ms. Hawkins estimated that each lot could be sold for between

$250,000.00 and $300,000.00.

32. Based on the estimated values proffered by Ms. Trusty and Ms. Hawkins, and on the Court's prior finding in the First Stay Order establishing of the outstanding indebtedness to Bank of America as of the petition date, there is no equity in Tract 12 in excess of the amounts due Bank of America.

DISCUSSION

Relief from the automatic stay is governed by 11 U.S.C. § 362(d) and may be granted upon a showing of "cause." 11 U.S.C. § 362(d).[2] "Cause" is not defined by the Bankruptcy Code. For this reason, "'discretionary relief from the stay must be determined on a case by case basis.'" *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987)(quoting *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986)(quoting *In re MacDonald*, 755 F.2d 715, 717 (9th Cir.1985)(additional internal quotation marks omitted)).[3] Section 362(g) allocates the burden of

---

[2]That section provides, in relevant part:
    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
    (2) with respect to a stay of an act against property under subsection (a) of this section, if –
        (A) the debtor does not have an equity in such property; and
        (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1) and (2).

[3]*See also, In re Tirey Distrib. Co.,* 242 B.R. 717, 723 (Bankr.E.D.Okla. 1999)("'Cause' has no clear and limited definition and is therefore determined on a case by case basis.")(citing *In re Texas State Optical, Inc.,* 188 B.R. 552, 556 (Bankr.E.D.Tex. 1995)); *In re Kansas Psychiatric Inst., Inc.,* 186 B.R. 723, 728 (Bankr.D.Kan. 1995)("Section 362(d)(1) does not define 'cause' and courts are required to consider this issue on a case-by-case basis.")(citing *In re Kelly,* 125 B.R. 301 (Bankr.D.Kan. 1991)).

6

proof for motions seeking relief from the automatic stay. It provides:

> In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section –
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Thus where equity in the property is at issue, the creditor bears the burden of proving a lack of equity, and the opposing party bears the burden as to all other issues. *Id.*[4] When equity is not at issue, i.e., the creditor seeks relief for "cause" other than a lack of equity, the moving party must nevertheless make a prima facie showing of "cause." *See Wilson v. Unioil (In re Unioil),* 54 B.R. 192, 194 (Bankr.D.Colo. 1985)("Once the party seeking relief from stay establishes a legally sufficient basis, i.e., 'cause,' for such relief, the burden then lies with the debtor to demonstrate that it is entitled to the stay.")(citing *In re Curtis*, 40 B.R. 795 (Bankr.D.Utah 1984)); *Tirey Distrib.,* 242 B.R. at 723 ("'Although under § 362(g)(2) the debtor has the burden of proof on the issue of 'cause' the [moving party] has the burden of going forward with the evidence in the first instance to establish that there are some facts to support its allegation of 'cause.'")(quoting *In re Tursi,* 9 B.R. 450, 453 (Bankr.E.D.Pa. 1981)).[5] In the instant proceeding, Bank of America and LVHA must establish some facts to indicate that sufficient

---

[4] *See also, Tirey Distrib,* 242 B.R. at 723 ("The party requesting the relief from the automatic stay has the burden of proof on the issue of the debtors' equity in the property and the party opposing such relief has the burden of proof on all other issues.").

[5] *See also, In re Bison Res., Inc.,* 230 B.R. 611, 616 (Bankr.N.D.Okla. 1999)("'[S]ection 362(d)(1) requires an initial showing of cause by the movant, while section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property.'")(quoting *In re Sonnax Ind., Inc.,* 907 F.2d 1280, 1285 (2nd Cir. 1990)(remaining citation omitted)).

7

"cause" exists to lift the automatic stay. Opposing parties must then demonstrate why the stay should not be lifted.

<u>Whether Bank of America has demonstrated it has a security interest in the Property.</u>

As preliminary matter, Mr. Friedlander asserted that Bank of America has not established that it is the holder of the First Note and First Mortgage, based on the fact that the First Note and First Mortgage were the subject of a Pooling and Servicing arrangement with the Bank of New York, and based on the existence of a blank endorsement to the First Note.[6] Bank of America sufficiently demonstrated that it is the holder of the First Note and the First Mortgage. A blank endorsement included on a promissory note does not affect current ownership, which was established in this case by possession.[7] No evidence was presented to the Court that any party

---

[6] A secured creditor seeking relief from the automatic stay under 11 U.S.C. § 362(d)(2) must show that it holds a valid security interest in the property. *See In re U.S. Physicians, Inc.,* 236 B.R. 593, 605 (Bankr.E.D.Pa. 1999) ("The alleged secured party bears the burden of proving the validity of its security interest in the debtor's property (citations omitted) . . . . relief under § 362(d)(2), requiring, as it does, a debtor's lack of equity in the property regarding which relief is sought, is only appropriately granted when the movant has a security interest in that property. Even as to § 362(d)(1), a 'valid secured status, while not a prerequisite, is a very important factor to be considered in deciding whether a moving party is entitled to relief from the automatic stay per 11 U.S.C. § 362(d).")(quoting *In re Tashjian*, 72 B.R. 968, 972 (Bankr.E.D.Pa.1987)). *See also,* 11 U.S.C. § 362(d)(1) (" . . . including a lack of adequate protection of *an interest in property of such party in interest."*)(emphasis added); *In re Wolsky,* 53 B.R. 751, 757 (Bankr.D.N.C. 1985)("Obviously, the initial element of a creditor's prima facie case [seeking adequate protection] is to prove that a valid security agreement actually exists.").

[7] *Cf. Brown v. Spofford,* 95 U.S. 474, 478 (1877) ("Promissory notes payable to order may be transferred by indorsement, or when indorsed in blank or made payable to bearer they are transferable by mere delivery, and the possession of such an instrument indorsed in blank or made payable to bearer is prima facie evidence that the holder is the proper owner and lawful possessor of the same[.]"); *Independent School Dist. of Ackley v. Hall,* 113 U.S. 135, 139, 5 S.Ct. 371, 373, 28 L.Ed. 954 (1885) (determining that the municipal bonds at issue shared "every characteristic of negotiable, promissory notes" such that, "[u]pon being indorsed in blank by the original payees, the title passes by mere *delivery*, precisely as it would had they been made payable to a named person or bearer.")(emphasis added).

8

other than Bank of America is the current holder of the First Note and First Mortgage; to the contrary, the testimony established that Bank of America has possession of the following original documents: the First Note, the First Mortgage, the Balloon Note, the Second Mortgage, and the unrecorded Assignment of Security Interest.

Sufficient "cause" exists to grant relief from the automatic stay as to the Property.

Because of the convoluted nature of the competing interests of the parties in the Property and the nature of the Property itself, whether relief from the automatic stay is appropriate involves more than a simple determination that there is a lack of equity in the Property and that the Property is not necessary to an effective reorganization.[8] The Property consists of three tracts, yet Bank of America's First Note and the Balloon Note are secured by mortgages on Tract 12. The Property appears to be subject to restrictive covenants that may require that all three tracts be sold together. LVHA's Claim of Lien encumbers all three tracts. The Chapter 7 Trustee's interest in the Property as property of the bankruptcy estate is predicated on success in the pending Fraudulent Transfer Action.

Despite the fact that Bank of America's First Mortgage and Second Mortgage encumber only Tract 12, Bank of America has sufficiently demonstrated that there is a lack of equity in the Property. Its indebtedness, as established by the First Stay Order, is at least $1,298,170.78. The value of the Property is no more than $590,000.00 for all three Tracts. Given that there may be

---

[8]The Debtor's bankruptcy proceeding converted from Chapter 11 to Chapter 7, and the Debtor is no longer seeking to reorganize. Thus the Property is not necessary to an effective reorganization. *See In re Kelly,* 125 B.R. 301, 303 (Bankr.D.Kan. 1991) (noting that in a case filed under Chapter 7 "effective reorganization is not necessary")(citation omitted). And, as analyzed below, Bank of America has carried its burden of proving a lack of equity in the Property. Relief may be granted as to Bank of America under 11 U.S.C. § 362(d)(2).

9

restrictions on Bank of America's ability to transfer only Tract 12, the Court finds that the value of Tract 12 alone cannot be more than $590,000.00. Further, the Property is not necessary to the Debtor's reorganization efforts; the case has been proceeding under Chapter 7 liquidation since November of 2006.

The Chapter 7 Trustee argues that a lack of equity has not been shown as to LVHA, consequently the automatic stay should not be lifted as to LVHA. She further asserts that, despite the lack of equity as to Bank of America, relief from the automatic stay will not allow her to sufficiently protect her potential interests in Tracts 10 and 11. Mr. Friedlander asserts that because the Chapter 7 Trustee's interests depend upon the outcome of the Fraudulent Transfer Action, any request for relief from the automatic stay should itself be stayed pending the outcome of the Fraudulent Transfer Action.

Some factors relevant to the issue of whether the stay should be modified for "cause" include:

> (1) an interference with the bankruptcy ; (2) good or bad faith of the debtor; (3) injury to the debtor and other creditors if the stay is modified; (4) injuries to the movant if the stay is not modified; and (5) the portionality of the harms from modifying or continuing the stay.

*Tirey Distrib.,* 242 B.R. at 723 (citing *In re Milne,* 185 B.R. 280, 283 (N.D.Ill. 1995)). When stay relief is requested for the purpose of pursuing litigation in a forum other than the bankruptcy court, factors relevant to the determination of "cause" include:

> (1) trial readiness; (2) judicial economy; (3) the resolution of preliminary bankruptcy issues; (4) costs of defense or other potential burden to the estate; (5) the creditor's chances of success on the merits; (6) specialized experience of the non-bankruptcy forum; . . .(8) the extent to which trial of the case in the non-bankruptcy forum will interfere with the progress of the bankruptcy case; (9) the anticipated impact on the movant or other nondebtors if the stay is lifted . . .

10

> *Bison Res.,* 230 B.R. at 616 (quoting *In re Marvin Johnson's Auto Service, Inc.,* 192 B.R. 1008, 1014 (Bankr.N.D.Ala. 1996))(footnotes omitted)).

Bank of America's ability to foreclose its interest in Tract 12 will necessarily require that LVHA's Claim of Lien be addressed as part of that proceeding, since LVHA's Claim of Lien encumbers all three tracts. For this reason, sufficient "cause" exists to lift the automatic stay as to LVHA as well as Bank of America. Furthermore, the enforceability of the restrictive covenants on the Property will require adjudication. Matters relating to the Property and Bank of America's interest therein may require an action for quiet title or declaratory judgment to determine whether Bank of America can foreclose its interest in Lot 12 in light of the restrictive covenants associated with the Property and whether the restrictive covenants are enforceable. It will likely take a significant amount of time to resolve these complicated issues. There is no reason to delay such a determination until the Fraudulent Transfer Action has been resolved, provided that the *enforcement* of any judgment entered in a proceeding outside the bankruptcy court is restricted. In the event the Fraudulent Transfer Action has not been adjudicated as of the time a judgment is entered by any other court in connection with the Property, further relief from this Court will be required before any party may enforce its rights against the Property. On the other hand, if a judgment is entered in favor of the defendants in the Fraudulent Transfer Action, the automatic stay will no longer apply to the Property, making it unnecessary for any further relief from this Court as to the Property. Relief from the automatic stay under these conditions will not unduly interfere with the progress of the bankruptcy proceeding. Nor will it unduly harm the opposing parties.

Based on these considerations, the Court finds that the automatic stay should be modified with respect to the Property so that these matters may be sorted out in an appropriate forum, but

that the Court will continue to exercise its jurisdiction to determine whether the bankruptcy estate or the California Trust is the ultimate beneficiary of any proceeds that may result from a sale of the Property. Thus the stay will be modified as to the Property to allow the parties to proceed only to judgment. Enforcement of any judgment obtained is subject to further order of the Court, unless and until the Fraudulent Transfer Action is resolved in favor of the defendants to that action.

## CONCLUSION

Sufficient cause exists to lift the automatic stay for the purpose of proceeding to judgment as to Bank of America's First Mortgage and Second Mortgage and the claim of lien of LVHA, including any claims, counterclaims or defenses that might be raised by any party with respect to the Property, except those matters that are the subject of the pending Fraudulent Transfer Action. That action may proceed though its normal course of litigation. In the event the Chapter 7 Trustee is not successful in the Fraudulent Transfer Action, the bankruptcy estate will have no interest in the Property; the automatic stay will no longer apply; and Bank of America, LVHA, the Debtor, the California Trust, or any other party claiming an interest in the Property may proceed without further order of the Court. If the Chapter 7 Trustee prevails in the Fraud Transfer Action, it will be necessary for the parties to any action concerning the Property to request further relief from this Court to enforce any judgment that may have been issued in the intervening period. Orders consistent with this Memorandum Opinion will be entered.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: March 19, 2008

COPY TO:

Jeffery Watson Potter
PO Box 8280
Santa Fe, NM 87504-8280

Clifford C Gramer, Jr
Attorney for La Vista Homeowners' Association
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Alice Nystel Page
Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

George D Giddens, Jr
Attorney for Chapter 7 Trustee
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111-1229

William R. Keleher
Attorney for Bank of America, N.A.
PO Box 2168
Albuquerque, NM 87103-2168

Martin S. Friedlander
10350 Wilshire Blvd., Suite 603
Los Angeles, CA 90024-4717

Yvette J. Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037

13