## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:

Jeffery Watson Potter,
Debtor.                                            No. 7-05-14071 MS

### ORDER AWARDING DAMAGES FOR CIVIL CONTEMPT

THIS MATTER is before the Court on the Order to Show Cause requiring creditor Martin S. Friedlander to appear October 19, 2007 at 2:30 pm before to show cause why he should not be held in civil contempt for violation of the automatic stay. The Court granted the motion by La Vista Homeowners Association (LVHA) for an Order to Show Cause (the "Order") finding that Friedlander filed a cause of action in state court in California while this bankruptcy proceeding was pending. The Order was issued and a hearing was conducted on October 19, 2007 at which time the Court took the matter under advisement. After hearing the evidence, the Court finds that Friedlander knowingly violated the automatic stay in this bankruptcy and that damages for civil contempt are appropriate. In connection therewith the Court makes the following findings of fact and conclusions of law:

1. On May 19, 2005, Debtor, Jeffrey Potter, filed this Chapter 11 bankruptcy proceeding. In November 2006 the case was converted to Chapter 7. On Schedule A, Debtor lists his residence at 53 La Vista, Santa Fe, New Mexico ("53 La Vista"), and on Schedule C, Debtor claims a homestead exemption in 53 La Vista. LVHA filed a lien against 53 La Vista based on unpaid homeowner's association dues.

2. On or about January 28, 2007, Friedlander filed an action in Superior Court of the State of California, County of Los Angeles, Case No. BC 365432 (the "California action") against La Vista asking *inter alia* for a declaratory judgment that LVHA cannot enforce certain covenants governing 53 La Vista, and also asking for an injunction preventing La Vista from

enforcing the covenant.

3. As the Court ruled in the Order, when he filed the California action, Friedlander violated the automatic stay in bankruptcy because the California action was an attempt "to exercise control over property of the estate." *See* 11 U.S.C. § 362(a)(3).

4. Under 11 U.S.C. § 105, the Court may award damages to LVHA that resulted from a violation of the stay. *See A & J Auto Sales, inc. v. United States (In re A & J Auto Sales, Inc.)*, 210 B.R. 667, 671 (Bankr. D.N.H. 1997), *aff'd,* 223 B.R. 839 (D.N.H. 1998). An award of damages under 11 U.S.C. § 105[1] for a violation of the stay requires a finding that the party (1) knew the automatic stay was invoked and (2) intended the actions which violated the stay. *In re Jove Engineering, Inc. v. IRS*, 92 F.3d 1539, 1555-56 (11th Cir. 1996).

5. In the early stages of the bankruptcy proceeding on January 10, 2006, Friedlander filed a motion to intervene in response to a motion to lift stay as to 53 La Vista filed by Bank of America. *See* Dockets 54 (stay motion), 105 (motion to intervene). In the motion to intervene, as well as in his response to the Motion for Contempt, Friedlander argued that the Debtor's transfer of 53 La Vista to a trust prevented 53 La Vista from becoming part of the bankruptcy estate. At the hearing on contempt, however, Friedlander testified that he knew that this Court was exercising jurisdiction over 53 La Vista regardless of the Debtor's transfer of 53 La Vista to the trust. Thus, Friedlander had knowledge of the stay when he filed the California action.

6. Friedlander also exhibited an intent to violate the stay because when he filed the California action he knew that this Court was exercising jurisdiction over all of the Debtor's

---

[1] Section 105 provides, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

property, including 53 La Vista as evidenced by the Court's ruling on the motion to lift stay filed by Bank of America. *See* Docket 148 (Order Denying Bank of America's Motion for Relief From Stay).

7. Compensatory damages are recoverable for civil contempt and may include reasonable attorney's fees and costs. *See Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1318 (10th Cir. 1998) (stating that compensatory damages for civil contempt must be proven by preponderance of evidence.); *In re Reed*, 11 B.R. 258, 276 (Bankr. Utah 1981) (stating that attorney's fees may be part of compensatory damages "equation") (citing, *Allied Materials Corp. v. Superior Products Co., Inc.,* 620 F.2d 224, 227 (10th Cir. 1980) (awarding attorney's fees for civil contempt).

8. LVHA's counsel, Mr. Clifford Gramer, testified as to attorney's fees and costs incurred by LVHA to pursue the Order to Show Cause and to defend the California action. Gramer also offered into evidence his fee statements. *See* Exhibit 1. Mr. Gramer requests a total of $8,180,28 as damages sustained as a result of Mr. Friedlander's actions, consisting of attorneys' fees in the amount of $7,460.00 for 37.3 hours of work billed at $200.0 per hour, tax on fees in the amount of $511.01, and costs in the amount of $208.27. *Id.*

9. After reviewing the attorney's fee affidavit submitted by LVHA, and the attorney fee bills supporting the amounts in the affidavit, the Court finds that the amounts requested are excessive. The Court will award LVHA $3,500.00 in attorney's fees, plus applicable New Mexico gross receipts taxes in the amount of $239.75, and $208.27 in costs incurred as a result of the contempt. *See Reed*, 11 B.R. at 277 (awarding reasonable attorney's fee for civil contempt).

THEREFORE, THE COURT HEREBY ORDERS that Friedlander pay to La Vista the amount of $3,948.02.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

Date entered on docket: April 16, 2008

Copy to:

Cliff Gramer
Attorney for LVHA
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Martin S. Friedlander, pro se
10350 Wilshire Blvd Ste 603
Los Angeles, CA 90024-4717