UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   JEFFERY W. POTTER,                                                  No. 7-05-14071 MS

   Debtor.

# ORDER GRANTING BANK OF AMERICA'S REQUEST FOR SANCTIONS AGAINST CREDITOR MARTIN FRIEDLANDER

THIS MATTER is before the Court on the Motion for an Order Confirming Continued Application of Bankruptcy Stay and for Sanctions Against Creditor Martin Friedlander ("Motion").[1] The Motion requests the Court to enter sanctions against Martin Friedlander based on his continued prosecution of an action he filed against Bank of America, N.A. and other defendants in the Superior Court for the State of California, Count of Los Angeles as Case No. 372210 (the "California Action") following this Court's entry of a Memorandum Opinion, Order Granting Bank of America N.A.'s Renewed Motion for Relief from the Automatic Stay, and Order Granting Motion for Relief from the Automatic Stay by La Vista Homeowners' Association (together, "Orders"). Mr. Friedlander filed a response in opposition to the Motion confirming that he served the complaint filed in the California Action on Bank of America on March 27, 2008. *See* Friedlander's Opposition to Motions filed by the Bank of America Relating to 53 La Vista ("Response"), p. 5 (Docket # 669). Because Mr. Friedlander readily admits that he took action in the California Action without first obtaining clarification from this Court as to the scope of the relief from the automatic stay as determined by the Memorandum

---

[1]The Motion contains two requests for relief; therefore, the Motion was filed twice and docketed separately as a motion to continue the automatic stay (Docket #665) and as a motion for sanctions for violation of the automatic stay (Docket # 666). The Court addressed the request for order confirming continued application of the automatic stay by separate order.

1

Opinion and Orders, Court will impose sanctions against Mr. Friedlander for willful violation of the automatic stay.

The language contained in the Orders lifts the automatic stay "as to the property commonly known as 53 La Vista, Santa Fe, New Mexico ("Property") for the purpose of proceeding to judgment as to Bank of America, N.A.'s notes and mortgages, including any claims counterclaims, or defenses that may be raised by any party with respect to the Property and/or Bank of America, N.A., excepting those matters that are the subject of Adversary Proceeding No. 07-1062 now pending before this Court." In the Memorandum Opinion the Court found "that the automatic stay should be modified with respect to the Property so that these matters may be sorted out in an appropriate forum, but that the Court will continue to exercise its jurisdiction to determine whether the bankruptcy estate or the California Trust is the ultimate beneficiary of any proceeds that may result from the sale of the Property." *See* Memorandum Opinion, pp. 10-11. Mr. Friedlander determined that these statements meant that the automatic stay was lifted as to all parties and as to all claims or actions that might be raised with respect to the Property, Bank of America, N.A., and/or La Vista Homeowners' Association, reasoning that because the order lifted the stay to permit a party to file a claim, the Court must have modified the stay as to Friedlander, Potter and the California Trust. Such an interpretation is overly broad.

The Memorandum Opinion and Orders addressed the motions filed by Bank of America and by La Vista Homeowners' Association seeking relief from the automatic stay to allow them to foreclose their interests in the Property. By presuming that the Memorandum Opinion and Orders expanded the scope of relief from the automatic stay to actions initiated by parties other

2

than the moving parties stretches the language of the Memorandum Opinion and Orders far beyond its intended boundaries. This is at least the second time that Mr. Friedlander has determined for himself that the automatic stay was inapplicable and taken actions without obtaining prior clarification from this Court regarding the scope of the stay, and without requesting and obtaining relief from the automatic stay to proceed. On this occasion Mr. Friedlander filed a motion seeking clarification of the Memorandum Opinion and the Orders, but not before serving the complaint filed in the California Action on Bank of America, N.A. The Court has since clarified the meaning of its Memorandum Opinion and Orders to make it clear that the automatic stay continues to apply to the California Action and/or any other action Mr. Friedlander, the California Trust, and/or Jeffery Potter may wish to file with respect to the Property.

Under 11 U.S.C. § 105[2], the Court may award damages for civil contempt to Bank of America that resulted from a willful violation of the automatic stay.[3] An award of damages under 11 U.S.C. § 105 for violating the automatic stay requires findings that the offending party (1) knew that the automatic stay was invoked; and (2) intended the actions which violated the stay.[4] The Response and Mr. Friedlander's request for clarification of the Court's Memorandum

---

[2] Section 105 provides: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

[3] *See A & J Auto Sales, Inc. v. United States, (In re A & J Auto Sales, Inc.),* 210 B.R. 667, 671 (Bankr. D.N.H. 1997), *aff'd,* 223 B.R. 839 (D.N.H. 1998); *See also, Mountain America Credit Union v. Skinner (In re Skinner),* 917 F.2d 444, 447 (10th Cir. 1990)(per curiam)(holding that bankruptcy courts have statutory power under 11 U.S.C. § 105(a) to issue orders for civil contempt).

[4] *In re Jove Engineering, Inc. v. IRS,* 92 F.3d 1539, 1555-56 (11th Cir. 1996); *See also Skinner,* 917 F.2d at 450 (affirming bankruptcy court's determination that damages for civil contempt based on violations of the automatic stay could be awarded pursuant to 11 U.S.C. §

3

Opinion and Orders confirm that he both knew of the automatic stay and intended the actions which violated that automatic stay.

Under the circumstances here, the Court finds that an award of $500.00, representing attorneys' fees likely incurred by Bank of America as a result of Mr. Friedlander's continued and willful violation of the automatic stay is an appropriate remedial sanction for civil contempt.[5]

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED. Sanctions in the amount of $500.00 are assessed against Mr. Friedlander payable to Bank of America, N.A. representing attorneys' fees incurred in filing the Motion.

/s/ Mark B. McFeeley
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: April 16, 2008

COPY TO:

William R. Keleher
Attorney for Bank of America
PO Box 2168
Albuquerque, NM 87103

Martin Friedlander
10350 Wilshire Blvd. Suite 603
Los Angeles, CA 90024

---

105 where the court found that the offending party had notice of the stay, and failed to restore the status quo after learning that its actions violated the stay).

[5] *Cf. In re Pulliam,* 262 B.R. 539, 544 (Bankr.D.Kan. 2001)(awarding $300.00 in attorneys' fees as a sanction under 11 U.S.C. § 362(h) for willful violation of the automatic stay, even absent evidence concerning actual damages sustained by the injured party as result of the creditor's stay violation). *See also, Utah State Credit Union v. Skinner (In re Skinner),* 90 B.R. 470, 478 (D.Utah 1988) (stating that "[t]he primary purpose of a civil contempt sanction is to compensate losses sustained by another's disobedience to a court order and to compel future compliance with court orders.").

4

Case 05-14071-trc7    Doc 681    Filed 04/16/08    Entered 04/16/08 10:03:27 Page 4 of 4