UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JEFFERY W. POTTER, No. 7-05-14071 MA

Debtor.

### ORDER GRANTING APPLICATION TO APPROVE EMPLOYMENT OF SPECIAL COUNSEL, JEFFERY L. BAKER AND BAKER LAW FIRM, PURSUANT TO § 327(e), WITH CERTAIN ADDITIONAL RESTRICTIONS

THIS MATTER is before the Court on the Application to Approve Employment of Special Counsel Jeffery L. Baker and Baker Law Firm, Pursuant to § 327(e) ("Motion to Employ Special Counsel") filed by the Chapter 7 Trustee, Yvette J. Gonzales, by and through her counsel, George "Dave" Giddens, P.C. (George D. Giddens, Jr.). *See* Docket No. 768. The Court held a final hearing on the Motion to Employ Special Counsel on April 20, 2009 and took the matter under advisement. Jeffery Potter, *pro se,* filed an objection to the Motion to Employ Special Counsel (*See* Docket No. 774), but did not appear at the final hearing. Creditor and interested party, Martin S. Friedlander, did not file an objection to the Motion to Employ Special Counsel, but appeared at the final hearing and was allowed to present argument. After consideration of the Motion to Employ Special Counsel, as supported by the Fee Agreement and the Verified Statement of Special Counsel in light of the standards for employment of professionals required under 11 U.S.C. § 327(e), the Court finds that the Motion to Employ Special Counsel should be granted, with certain restrictions imposing a cap on the amount of the fees special counsel will be allowed to charge for evaluating the alleged legal malpractice claims.

DISCUSSION

Employment of special counsel by a Chapter 7 Trustee is governed by 11 U.S.C. §

1

327(e), which provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

The four requirements for employment as special counsel under 11 U.S.C. § 327(e) are: 1) the proposed special counsel must have represented the debtor previously; 2) the proposed special counsel must be employed by the trustee only for a limited, special purpose; 3) the proposed representation must be in the best interest of the estate; and 4) there must be no conflict with the debtor or the estate arising from the matter(s) for which the trustee seeks to engage special counsel. 11 U.S.C. § 327(e).[1] A pre-petition claim for unpaid professional fees arising from proposed special counsel's pre-petition representation of the Debtor does not disqualify such counsel from representing the trustee under 11 U.S.C. § 327(e).[2]

Baker satisfies elements 1), 2), and 4) outlined above. Baker previously represented the

---

[1] *See also In re Abrass,* 250 B.R. 432, 435 (Bankr.M.D.Fla. 2000)("the trustee must establish: (1) the attorney will be employed for a specific special purpose approved by the court; (2) the attorney previously represented the debtor; (3) the employment will be in the best interest of the estate; and (4) the attorney does not represent or hold any interest adverse to the debtor or to the estate concerning the matter at hand.")(citations omitted); *In re Ginco, Inc.,* 105 B.R. 620, 621 (D.Colo. 1988)(stating that § 327(e) is "relevant only where the proposed representation involves counsel that has *previously* represented the debtor.")(emphasis in original); *In re Auto West, Inc.,* 43 B.R. 761, 762 (D.Utah 1984)(when authorizing employment of special counsel under § 327(e), "the bankruptcy court must be satisfied that the employment would be 'in the best interests of the estate.'")(quoting 11 U.S.C. § 327(e)).

[2] *See, e.g., In re EBW Laser, Inc.,* 333 B.R. 351, 359 (Bankr.M.D.N.C. 2005)(finding that proposed special counsel's pre-petition claim for unpaid attorneys' fees did not disqualify special counsel's employment under § 327(e)).

2

Debtor in *Jeffery W. Potter and Summit Investment Company v. Engel and Stern LLP, and Robert Engel*, Case No. D-101-CV-2003-00097 ("Engel and Stern"). Baker also represented the Debtor and Summit Investment Co., LLC before the New Mexico court of appeals in a case captioned *Bogle v. Summit Investment Co., LLC*.[3] Baker was co-counsel with Martin S. Friedlander in both of matters. Baker's representation of Jeffery Potter in both matters ended in 2005. Baker's Verified Statement of Special Counsel acknowledges that he has filed a proof of claim in the Debtor's bankruptcy proceeding based on unpaid attorneys' fees in the amount of $30,993.82 that Mr. Potter incurred pre-petition. The fact that he is a creditor does not disqualify him from being retained as special counsel under 11 U.S.C. § 327(e).[4] The matter for which the Trustee seeks to employ Baker is limited in purpose and does not constitute representation of the estate generally. Nor would Baker's employment create a conflict with the Debtor or the estate. Baker has not represented any party who "is an actual or potential opponent of the estate in the dispute for which counsel would be engaged."[5] Employment of Baker, who has some expertise in the area of legal malpractice and is familiar with the history surrounding two of the matters for which the Trustee seeks to employ him serves 11 U.S.C. § 327(e)'s purpose of allowing the estate to take advantage of his specialized knowledge and experience

---

[3] The prior-representation requirement under 11 U.S.C. § 327(e) does not mandate that the attorney have previously represented the debtor in the matter or litigation for which the attorney seeks to be employed as special counsel. *In re J.S. II, L.L.C.,* 371 B.R. 311, 319 (Bankr.N.D.Ill. 2007).

[4] *See EBW Laser, Inc.,* 333 B.R. at 359.

[5] *Buckley v. Transamerica Inv. Corp. (In re Southern Kitchens, Inc.),* 216 B.R. 819, 826 (Bankr.D.Minn.1998).

3

which will benefit the estate.[6]  The Court does, however, have some concerns about whether Baker's representation serves the best interest of the estate.

The Chapter 7 Trustee seeks to employ Jeffery Baker and the Baker Law firm (collectively, "Baker") as special counsel to "evaluate, settle, if appropriate, or prosecute" several alleged legal malpractice actions that were filed by the Debtor and/or Martin Friedlander prior to the filing of Debtor's bankruptcy petition.  *See* Motion to Employ Special Counsel, ¶ 1.  Yet, the Fee Agreement specifically limits Baker's employment for the purpose of "evaluating and advising Yvette Gonzales, Trustee, regarding settlement value" of the following four matters: 1) Potter v. Engel and Engel and Stern, LLP; 2) El Llano, Inc., Santa Fe Business Park, Summit Floormart, and Cook v. SIC, Summit Valdes Business Park, and Potter, No. D117-CV-2003-000-57; 3) Potter and SIC v. Comeau, Maldegen, Templeman and Indall, LLP, NO. D0101-CV-2005-00617; and 4) Martin Friedlander, Jeffery Potter v. Richard Cook, El Llano Valley National Bank, Comeau et al., Gray handy, Paula Cook; John Patterson, Vern Bowers, Sonny Otero, Phase One Realty, Ernest Romero, James Methany, Sarco Construction, No. 06-CV-1160 (together, "Litigation Matters").  *See* Exhibit B to Motion to Employ Special Counsel.

The Debtor asserts that Baker's employment is not in the best interest of the estate because he fears that the Trustee will settle the cases for a fraction of what the Debtor believes they are worth.  It is correct that under the proposed Fee Agreement, Baker is under no obligation to prosecute the Debtor's claims, even if he were to determine that the cases have

---

[6] *See* 3 Collier on Bankruptcy ¶ 327.04[9][d], p. 327-64 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2008)(Section § 327(e) "authorizes employment of an attorney in certain cases . . . in order to permit the estate to take advantage of that attorney's special knowledge and experience if it may substantially benefit the estate.")(citing *In re Statewide Pools, Inc.,* 79 B.R. 312, 315 (Bankr.S.D.Ohio 1987)).

4

merit.  If no settlement is reached, the Trustee may have to hire other counsel to prosecute the litigation who will need to re-evaluate the cases.  At the final hearing on the Motion, counsel for the Trustee estimated that it will take approximately one-hundred hours of work to evaluate the cases, resulting in $15,000 to $20,000 in fees.  The hourly rates reflected in the Fee Agreement are $225.00 for Jeffery L. Baker, $175.00 for Renni Zifferblatt, and $60.00 for paralegal work. *See* Exhibit B - Motion to Employ Special Counsel.    Under these circumstances, the Court finds that the limited purpose for which the Trustee seeks to employ Baker does not fully satisfy the best interest of the estate requirement for employment under 11 U.S.C. § 327(e).   The contemplated fees are too much of a burden on the estate.

Because the proposed employment of Baker is limited to evaluating the cases in an attempt to estimate their possible settlement value, the Court finds that it is reasonable to limit the fees for evaluating the cases.  Given Baker's familiarity with many of the underlying facts that give rise to the Debtor's various claims, the Court finds that ten hours per case should be ample time within which to  complete an evaluation.  Accordingly, the Court will authorize Baker's employment as special counsel to evaluate the litigation value of the cases, provided the fees for such services are limited to $2,250.00 per case.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, conditioned upon a maximum expense to the estate for services by special counsel in the amount of $2,250.00 per case.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket:  June 12, 2009

COPY TO:

Jeffery Watson Potter
PO Box 8280
Santa Fe, NM 87504-8280

George D Giddens, Jr
Attorney for Chapter 7 Trustee
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111-1229

Martin S. Friedlander
10350 Wilshire Blvd Ste 603
Los Angeles, CA 90024-4717

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103


J:\OPINIONS\PotterBakerEmploymenOrder.wpd